Chief Justice Maes hall
delivered the opinion of the Court.
This bill was filed by Patsy Shelton to obtain dower in a tract of land which had been conveyed to Deering in 1837 by a deed executed by her husband and herself, and recorded in proper time on the certificate of her acknowledgment and privy examination, made by two Justices of the Peace of the county in which the land was situated, which was also the county in which the parties resided. The husband acknowledged the deed before the Clerk of the same court.
To avoid the effect of this deed as a bar to the claim of dower, two grounds are assumed in the bill: First, that the two Justices were not authorized to take the acknowledgment and privy examination of the complainant ; and, second, that if they were, the deed became void by a subsequent alteration made by her husband, with the consent of the grantee, after the acknowledgment of the complainant and before that of her husband.
1. With regard to the authority of the Justices. The fourth clause of the act of 1785, (for regulating conveyances,) *406 (Stat. Laws, 433,) authorizes the acknowledgment and privy examination of a feme covert, to be taken and certified by two Justices of.the Peace of that county in whicji she dwelleth, if in the United States, who may be empowered by commission to be issued by the Clerk of the court in which the deed ought to be recorded. And the act of 1792, (Stat. Law, 436,) after providing, in the third section, ihui in cases where deeds had been recorded without a relinquishment of dower by the wife of the grantor, she may relinquish her right before two Justices of the Peace in the county, whose certificate of privy examination, &c., shall be recorded, &c., enacts that “in all cases where a deed is made by the parties residing in the county where the land may lie, it shall be lawful for the feme covert to relinquish her right of dower in like manner”, that is, before two Justices of the Peace in the coun- ? ty. Then the second section of the act of 1831, (Stat. Law, 451,) expressly repeals all laws which require a commission to issue to take the relinquishment of dower 01- the acknowledgment of femes to deeds residing 0 J o in or out of this State, conveying lands in this State, and declares that all deeds thereafter made and acknowledged in the manner prescribed by law, without such a commission, to be as effectual as if such commission had been issued, &c.
The act, of Virginia of 1785, authorized two Justices of the Peace of the county where the feme resided, having n commission for that purpose, to t.ike the acknowledge menL and pi ivy examination ofa feme covert to conveyances — & the statute of Kentucky of 1792, authorized two Justices of the Peace under faken™úch°nac° píi°yVl^x'amhiation to a relinquishment or dower, in eases where deeds from the husband had corded from&the" husband; also, “m all eases where a deed is ttesp’ — the6secthe act°of°i83if having dispensed with the commission, two JusPeace tho’ in the thefelne resides6 and the land lies, may take such relinq.uishment& tiol7 6 without
The fourthsection of the act of aH.8kindshof in°dower' or'rHit'of ofhi79^to dower only.
We are of opinion that this case comes directly within provision of the third section of the act of 1792, as this deed was made by parties residing in the county , / 1 ° where the land lay, and the relinquishment was taken and certified by two Justices of the Peace of the same county. We are also of opinion that the case is em- , , , r braced by the fourth clause of the act of 1785, as modified by the second section of the act of 1831, dispensinS with the commission. The provision in the third sect'on tbe act of 1792 is applicable to the relinquishment of dower only. The fourth section of the act of 1785 applies to the conveyance or release of any interest which the/e»ie may have, and which might be conveyed or released by deed. And the necessity of a *407 commission, as therein required, having beeen dispensed with, the acknowledgment and privy examination of a feme covert, residing any where in the United States, may be effectually taken and certified without a commission by two Justices of the Peace in the county of her residence. There is no defect in the form of the certificate now before us, and the first objection to the deed must be deemed unavailing.
The alteration' of a deed'by the' husband with the-assent of the-grantee, after it was properly acknowledged by husband & wife,in a part which did not change-its legal effectin’ respect to the-wife, held not to-vitiate the deed-a;: *.o the wife.
2. It seems that the deed as oiiginally drawn and executed and acknowledged by the complainant, described the land conveyed by its metes and bounds without naming any quantity; but before it was acknowledged by the husband, he upon objection beiiig made to the omission, inserted or caused to be inserted, the words “containing by survey two hundred acres,” as part of the description ; and also in the covenant of warranty, which purports to be joint, the words “and that the same shall contain two hundred acres.” The question is whether these alterations of the deed have rendered it void as to the wife. Having been made before the instrument was acknowledged by the husband, and with his consent or by his own act, they certainly do not vitiate the deed as to him, but make a part of it as his act, although they make it, as to him, a very different instrument, in legal effect as well as in words, from what it was in its original form.
Did the alterations, or either of them, change the legal effect of the deed, as the act of complainant? If they did, then, as they were made without her consent, and with the consent of the grantee, we think the whole deed should be regarded as void, so far as the complainant is concerned. But if the legal effect of the deed, so far as she is concerned, would be the same whether the interlineations had, been made before or after her execution and acknowledgment of it, that is, if neither her interest in the land nor her liability with respect to it would have been effected by the insertion or omission of the words in question, when done with her knowledge and previous to her acknowledgment of the deed, then as the alteration was not made with *408 any view of defrauding or injuring or affecting her, but merely in furtherance of the arrangement and in view of the rights of other parties, and as the alteration would be wholly immaterial in its operation as to her, and was made by the parties between whom it was to operate, we are of opinion that it would not and should not impair the efficacy of the deed as her act and as it existed when executed and acknowledged by her.
The wife uniting in a deed with the husband & relinquishing dower, is not the surety of the husband in the warranty of quantity or of title.
Suppose, then,'that the deed had contained the same words when the complainant acknowledged it, which were afterwards inserted, would these words have imposed any liability on her, or would they in any manner have affected her interest in the land? We think they would not. Her execution and acknowledgment upon privy examination, with the subsequent recording of the deed, would have effectually barred and extinguished her dower or other interest in the land contained in the boundary described in the deed, whether the number of acres composed a part of the description or not. And the insertion of the quantity in that part of the deed, certainly could have had no effect upon her interest or liability, unless it could be supposed that by becoming a joint party to the deed with her •husband, she could be made liable for the representations which the deed might contain with respect to the land. But although the statutes regulating conveyances declare that a deed executed and acknowledged by 'husband and wife, and recorded with the proper certificates, shall be sufficient, not only to convey or release her right of dower, “but be as effectual for any other purpose as if she were an unmarried womanthese general words must be construed with reference to the subject matter, and cannot be supposed to have been intended to enable or permit a feme covert to do, by means of such a deed, every possible thing which a person, sui juris, might do by means of a deed containing a conveyance of land. If the words are to be understood in their utmost latitude, a husband and wife might, tlwough the instrumentality of a deed conveying land, enable the wife to make any agreement, either *409 with the husband or with other person, which an unmarried woman might be competent to make, and the whole law regulating the marital rights and the disabilities of coverture might be changed, or subjected to the will of the parties.
'It has been held by this Court, and we think correctly, that a feme covert, uniting with her husband in the conveyance of her own land, might bind herself by a warranty in the deed, provided it were properly acknowledged and authenticated. But it has never been held that she could bind herself by a mere personal covenant, collateral to her interest in the land. And where the deed conveys not her land but that of her husband, and she unites merely in consequence of her potential right of dower, it has never been decided that she was or could be bound even by an express covenant any further than to the extent of her interest as doweress. Whether by uniting with her husband in the covenant of warranty, she would be barred from the assertion of any subsequently acquired claim besides that of dower, might present a serious question. In that case, however, the dower interest would be something to which the warranty might possibly apply as a muniment of title. But however that might be, we are of opinion that, unless in the case of a feme covert having a separate estate, a wife uniting with her husband in a conveyance of his land, in which she has no interest but the potential right of dower, incurs no obligation by reason of any collateral and merely personal covenant which may be inserted in the deed, and much less by any representation which it may contain. Such covenants or representations, though in form joint, must be regarded as intended to be the acts of the husband alone, and as operative upon him only and not upon the wife, who unitesiin the deed for the purpose of barring her right of dower, and cannot be presumed to have entered into all the particulars of a contract in which she has so remote and indirect an interest.
B. A. Monroe for plaintiff; Herndon for defendant.
It was the object of the statutes regulating conveyances to enable the wife, by certain formalities, to relinquish or extinguish her dower right, and to pass any interest which she might have' in lands. To enable her to do this effectually, it was probably intended that she might bind herself by such stipulations relating to the land and her interest in it, as are usually required in perfect conveyances. But we do not suppose that it was intended to enable her to become the surety of her husband in the warranty of his title, and much less in any personal covenant which he might agree to insert in his conveyance. The stipulation as to quantity contained in this deed, is of this character. It is not in the nature of a warranty of title, certainly not of the wife’s title, but is a merely personal and collateral covenant, by which, even if it had been in the deed when she executed it, she would not have been bound. It is in effect the mere covenant of the husband and must have been so understood and intended. And we think the validity of the deed, as to the wife, is no more affected by it than if it had been in terms the separate covenant of the husband.
It follows that, in our opinion, the deed, with its certificate of the complainant’s acknowledgment, áse., is a complete bar to her claim of dower. It would have been so, if she had been merely named as a party, and had signed and acknowledged the deed without having been united in the grant or in any of the covenants. And while we doubt whether the deed as originally drawn could have any other effect than to bar her dower, we are satisfied that she could not have bound herself by the personal covenant, or by the representation as to quantity.
Wherefore, the decree dismissing the bill is affirmed.