Trabue v. Ramage.

CASE 58—CAVEAT—JUNE 6, 1882.

# Trabue v. Ramage.

### APPEAL FROM LIVINGSTON CIRCUIT COURT.

1. A tenant will not be permitted, under any circumstances, after lease and entry, to attorn to another without his landlord's consent.
2. Nor will he be allowed to deny the title of the landlord, whether it be good or bad.

ISAAC H. TRABUE FOR APPELLANT.

'It is clear that appellee entered under appellant as his tenant. He should not be allowed to turn against his landlord and hold against him.

BUSH, HANDLIN & WEBB FOR APPELLEE.

It is distinctly proved that the land upon which appellant entered is not covered by the patent of appellant, and his caveat should be dismissed.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant filed a caveat with the Register of the Land. Office against the issuance of a patent to the appellee for twenty-two acres of land.

The latter denied that the land he had entered and caused to be surveyed belonged to the appellant, or was in the boundary claimed by him.

It appears that the Commonwealth patented 350 acres of. land to the justices of the Livingston county court, for seminary purposes, in the year 1814, and that subsequently this 350 acres, after several conveyances, was divided between the heirs of two joint owners, and that the appellant ulti-mately became the owner of 220 acres of the boundary,. and rented 40 acres thereof to the appellee, by written lease; for the period of twenty-five years.

After the appellee was put in possession under the lease,. he learned that about 22 acres, as he supposed, but in fact,. according to survey, there was only 17¼ acres, were out-side of the boundaries of appellant's 220 acres, and he at once entered and had it surveyed as vacant land. This 17¼ acres was not vacant land, because it is included by, and lies almost in the center of, the patent to the justices of Livingston county court for the seminary of the county, and belongs to the appellant or the owner of the remaining 130 acres of the last named patent boundary, now occupied by the heirs of J. Onne, deceased. As this land has been patented and paid for, the Commonwealth cannot and ought. not to permit or cause it to be again patented, thus clouding the title under its former patent, and selling what it does. not own or possess.

Whether the appellant would have the right, if he had no title, to file a caveat and prevent the emanation of the pat-

ent to the appellee, is not the question in this case.    While it is clearly the policy of the legislature, as shown by all laws made by it since the formation of the State, to give to the actual occupant the preference or preëmption to the land occupied, by requiring notice to be given to him of a determination to enter it, so that he may procure a patent within a certain period, this case presents, not that question, but this, whether a tenant who, having leased a tract of land, learns that his landlord's patent does not cover it, may enter and patent any part of it.

We understand the law to be that a tenant can, under no circumstances, after lease and entry under his landlord, attorn to another without his consent, or deny the title or claim under which he entered, whether the title or claim be good or indifferent.    We are therefore of the opinion that the appellee had no legal right to enter, survey, or cause to be patented any part of the land in dispute, and under the possession procured from the appellant by the lease; arm himself with a patent, or acquire the preëmption rights of a *bona fide* occupant.

Wherefore, the judgment is reversed, and cause remanded, with directions to grant appellant a new trial, and for further proper proceedings.