CASE 61—PETITION EQUITY—SEPTEMBER 13.

# Herr, &c., v. Martin.

### APPEAL FROM BUTLER CIRCUIT COURT.

ACTION TO QUIET TITLE—ACTION TO SET ASIDE SALE AND HAVE TITLE RESTORED.—One must be in possession of land in order to enable him to maintain an action to quiet title; but where one has wrongfully caused the land to be sold and has purchased it, the original owner may have an action to set aside the sale, and have the title restored to him, although not in possession.

B. L. D. GUFFY AND W. S. TAYLOR FOR APPELLANTS.

This is not an action to quiet title, but an action to cancel a conveyance in order to remove a cloud upon plaintiff's title. To maintain such an action it is not necessary that plaintiff should be in possession. (2 Bouvier's Law Dict., p. 415; Pope v. Stamby, 2 Bibb, 484; Ward v. Deering, 4 Mon., 45; Leigh v. Everhart, 4 Mon., 380; 6 J. J. Mar., 439; Mattingly v. Corbitt, 7 B. M., 376; Bissell v. Kellogg, 60 Barb., 617; Huntingdon v. Allen, 44 Miss., 454; Lyon v. Hunt, 11 Ala., 295; Anderson v. Hoop, 9 Ala., 704; Senaxy v. Hungar, 42 Ind., 44; Harford v. Chipman, 21 Conn., 488; Martin v. Graves, 5 Allen (Mass.), 661; Dull's Appeals, 113 Pa. St., 510; Withrell v. Eberle, 14 N. E. Rep., 676-7.)

A party having no legal remedy, equity will take jurisdiction. (1 Story's Equity, secs. 700 and 705.)

H. T. CLARKE AND H. A. JAMES FOR APPELLEE.

This is an action to quiet title, and in order to maintain such an action the plaintiff must be in possession. (Act of 1796, 1 Statute Laws, p. 294; Act of 1854, Stanton's Rev. Stat., vol. 2, p. 102; 3 Pomeroy's Equity, p. 431, sec. 1396; Armitage v. Wickliffe, 12 B. M., 486; Kincaid, &c.,

v. Magowan, &c., 6 Ky. Law Rep., 102; Beard v. Smith, 6 Mon., 505; Hiatt v. Calloway, 7 B. Mon., 180; 12 B. Mon., 612; 4 Mon., 442; 7 Bush, 49; Harris v. Smith, 2 Dana, 10; Smith, &c., v. Catliff, 8 Ky. Law Rep., 533.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT

The appellants allege in their petition and amended petition that they are the owners of a certain tract of land in Butler county; that they are non-residents of the county, and have not the possession of said land, and the appellee has not the possession of it; that in 1882 they "sold" said land to the appellee, for which he was to pay the sum of six hundred dollars; that they sent a deed of conveyance, acknowledged, &c., to the Morgantown Deposit Bank, to be delivered to the appellee; but he refused to accept the same, because he had, in the meantime, fraudulently procured the deputy sheriff of said county to sell said land for a supposed tax of three dollars and seventy cents for 1881; that said land had not been listed for taxation; that by reason thereof the sheriff had no right to sell the same; that the appellee fraudulently "procured and induced" the said deputy to sell said land for said tax, &c., and the appellee having purchased the same, to make him a deed therefor. He asks that said deed be set aside, &c.

A demurrer was sustained to the petition and the amended petition upon the ground, it is supposed, that the appellant, not being in the possession of the land, could not maintain an action to have this fraudulent sale of his property set aside.

The Legislature of this State, in 1854, empowered any person having the legal title and possession of

land to proceed, by action in equity against any person setting up claim thereto, to establish his title to said land, and, if established, to quiet the same.

There was a similar statute of this State before the adoption of the Revised Statutes. These statutes have been construed to confer a right in the nature of an action "*quia timet.*" Such action has been held by some courts to be in favor of persons not in the possession of the land to quiet title to it, where the adversary was not in the possession of it, upon the ground that it was the only remedy to redress the injury to the title; but the Legislature of this State has limited the right to institute such action to persons in the possession of the land, and having a legal title to it.

It is supposed that the Legislature limited the right to sue to persons having the legal title and the possession of the land for the reason that none but those possessing the perfect right to the land, to wit—the possession and right to the possession and the legal title—should have the right to institute such action against any person who clouded, or attempted to cloud, his perfect right with an adverse claim of title, which might, in a business point of view, if not in a legal point, seriously affect the market value of his estate, and be a constant menace to his enjoyment of his perfect right. But said statute does not relate to an effort to deprive one of his title by converting it to the party's use. Such effort is not clouding the other person's title by asserting a superior hostile title to the property, but is a deprivation of the title by converting the same to the use of the person seizing it. It is the wrongful seizing his title that is the founda-

tion of the action. Asserting a paramount adverse title to the land is a cloud upon the title of the other party, but to seize his title is to deprive him of his right to his estate. In the first-named case the person must have the legal title and the possession in order to maintain his action to remove the cloud from his title. In the latter case he can maintain his action, although not in the possession, as readily as if the injury were done to the *corpus* of his estate. Here it is said the appellee wrongfully caused the appellant's title to be seized and sold, and he purchased it. He asks that this sale be set aside, and his title be restored to him. By this wrongful act he is deprived of his title. He asks a court of equity to set this sale aside, and restore to him his title. How can he get his title back unless the chancellor does this? It is his only remedy for the wrongful act, and to deny him this remedy is to deny him even-handed justice.

The judgment is reversed, and remanded with directions to overrule the demurrer.