CASE 36.—ACTION BY ED TUCKER AGAINST S. O. WITHER-
BEE AND ANOTHER.—November 11.

## Tucker v. Witherbee, &c.

Appeal from Jefferson Circuit Court; Chancery Branch (First Division).

SHACKELFORD MILLER, Judge.

Judgment dismissing plaintiff's petition and he appeals—Reversed.

1. Mortgages—Deed as Mortgage — "Mortgage" — "Conditional Sale."—A deed was a mortgage, and not a conditional sale, where it was given to secure payment for a horse, recited a consideration of "$110 cash or its equivalent," a horse, describing it, contained the ordinary recitals of a warranty deed, and recited that the grantee should hold the land for 1½ years and reconvey on payment of $118.50, "being purchase price hereof and necessary recording fee."

2. Mortgages—Deed as Mortgage.—While parties competent to contract can agree upon terms that will amount to a conditional sale, where a deed is intended to secure a debt, and the relation of debtor and creditor exists between the parties, the legal inference is that a mortgage and not a conditional sale was intended; courts being inclined in doubtful cases to treat a transaction as a mortgage rather than a conditional sale.

3. Mortgages—Deed as Mortgage,—Estoppel.—Though a deed was given in 1893 and provided for a reconveyance within 1½ years, the grantor was not estopped by laches in 1907 to sue to have the deed adjudged to be a mortgage, his failure to tender the debt and demand a reconveyance being more important than the grantee's laches in failing to sue to enforce his lien.

4.  Mortgages—Deed as Mortgage—Tender of Debt—Necessity For.—In suing to have a deed adjudged to be a mortgage, grantor need not tender the amount of the debt, since the gantee has a lien as security for his debt, and may look to that if grantor is insolvent.

5.  Quieting Title—Possession of Land—Necessity For.—That plaintiff is not in possession of the land does not prevent him from suing to have a deed adjudged to be a mortgage, to cancel a deed by the grantee to a third party, and to quiet plaintiff's title.

KINNEY & THOMAS for appellant.

### POINTS AND AUTHORITIES.

1. In an action to set aside a fraudulent conveyance and to quiet title it is not necessary to allege that the plaintiff is in the actual possession of the property. (Herr v. Martin, 90 Ky. 377; Packard v. Beaver Valley Land and Mining Co., 95 Ky. 249; Eversole v. Virginia Iron, Coal & Coke Co., 29 Ky. Law Rep. 151; Fox v. Cornett, 29 Ky. Law Rep. 246 )

2. A written instrument in the form of an absolute deed, but which contains a covenant to reconvey upon repayment of the purchase price is a mortgage, and it is proper to show by oral testimony the surrounding circumstances and the condition of the parties to aid the court in arriving at the actual intention of the parties. (Edrington v. Harper, 3 J. J. Marshall, 353; Perkins v. Drye, 3 Dana 170; Barnett v. Williams, 31 Ky. Law Rep. 255; Sebree v. Thompson, 31 Ky. Law Rep. 1146; Bean v. Venable, 27 Ky. Law Rep. 927; Garvin v. Vincent, 27 Ky. Law Rep. 1076; Jenkins v. Stewart, 13 Ky. Law Rep. 112; Allen v. Brown, 23 Ky. Law Rep. 217; Anderson v. Caskey, 15 Ky. Law Rep. 589; Timmons v. Center, 19 Ky. Law Rep. 1525; Oberdorfer v. White, 25 Ky. Law Rep. 1629; Veach v. Smith, 32 Ky. Law Rep. 851; Borders v. Allen, 33 Ky. Law Rep. 194; Honore v. Hutchings, 8 Bush 695; Boone on Mortgages, sections 38-9.)

3. The recording of the deed from Tucker to Witherbee was notice to the appellee, Louisville & Nashville R. R. Co. of the rights of Tucker. (Webb on Record of Title, sections 178, 181, 183 and 223.

O'NEAL & O'NEAL, HELM & HELM and BENJAMIN D. WARFIELD for appellee.

The grounds on which we ask this court to sustain the ruling

Tucker v. Witherbee, &c.

of the lower court in sustaining the demurrer to the petition may be briefly summarized as follows:

1. The agreement set out in the deed from Tucker to Witherbee constitutes a conditional sale and not a mortgage. The title, therefore, became perfected in appellee Witherbee upon the happening of the condition (the expiration of the year and a half without purchasing). Appellant failed, therefore, to make out a ground for recovery in his petition.

The following additional points are suggested by appellant's own brief filed herein:

2. Even if the deed from Tucker to Witherbee could be construed as a mortgage instead of a conditional sale, the present petition is fatally defective as a suit to redeem, (1) because appellant is barred by laches, he having permitted defendant to retain the land in question for ten years after the expiration of the time when he agreed to repurchase the land; (2) because the appellant is estopped to set up any claim at this time, he having permitted appellee Witherbee to sell the land to the appellee, Louisville & Nashville R. R. Co., without objection, and has allowed the latter to continue to hold said land for a period of four years without laying any claim whatsoever thereto; (3) because there is no tender to either of the appellants of money which appellant claims to have obtained as a loan, and for which a mortgage on the land was given as security.

3. As a suit to remove a cloud from the title the petition is demurrable for the reason that it fails to allege the plaintiff is in possession of the land as required by section 11 of the Kentucky Statutes.

## AUTHORITIES CITED.

Jones on Mortgages, sections 258, 260; 6th Am. & Eng. Ency. of Law, p. 442; 27 Cyc. 969, 970; Tygret v. Potter & Co., 16 Ky. Law Rep. 809; Prather v. Norfleet, 1 A. K. M. 178; Prince v. Beardon, 1 A. K. M. 169; Conway v. Alexander, 7 Cranch 218; Henley v. Hotaling, 41 Cal. 22; Ky. Stats., section 11.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In 1893 Tucker purchased a horse from Witherbee for $110. To secure the payment of this sum, he exe cuted to Witherbee a deed, conveying to him a small

parcel of land. The deed recites: "The said party of the first part for and in consideration of $110.00, cash, or its equivalent, to-wit: one sorrel mare blazed face and both hind feet white, the receipt of which is hereby ackonwledged, does hereby sell, grant and convey to the party of the second part, his heirs and assigns forever, the following described property, to wit: * * * To have and to hold the same with all the appurtenances thereunto, belonging unto the party of the second part, his heirs and assigns forever; and the said party of the first part hereby warrants the title to the property hereby conveyed unto the said second party, his heirs and assigns forever. It is further agreed by the parties hereto that said Tucker is to pay taxes due on said land for 1892, 1893, 1894, and recording fee of this deed. The said Witherbee hereby agrees to hold said land for one year and a half, and to sell same to Tucker at the end thereof, provided he shall then pay him cash $118.60, being purchase price hereof and necessary recording fee." This instrument was in due time put to record in the proper office. In 1904 Witherbee sold a part of this land to the Louisville & Nashville Railroad Company. In 1907 Tucker brought this action against Witherbee and the railroad company, setting up that he was the owner of the land and entitled to the possession of it, and asking that the deed made to the railroad company be canceled, that his title be quieted, and that Witherbee be required to answer and assert any lien he had against the land.

At the time Tucker executed the deed to Witherbee the land was uninclosed, and no person resided on it. Nor was any of it inclosed at any time until the railroad company inclosed the part purchased by it. A general demurrer was sustained to the petition, and,

declining to plead further, judgment was rendered dismissing it.

The appellant Tucker insists that the writing was a mortgage, and that Witherbee's remedy was the same as that of any other mortgage; that if he wished to collect his debt, he should have brought suit to enforce his lien upon the land. The contention of appellees is that the writing was a conditional sale, with the privilege upon the part of .Witherbee to redeem the land at any time before the expiration of 18 months from the date of the writing, and, having failed to redeem it within that time, the title vested in Witherbee. The relation of debtor and creditor existed between the parties at the time the writing was executed. It shows on its face that it was intended merely as security for the purchase price of the horse, and that it was contemplated by the parties that this price should be paid within the time named. The paper has many of the distinguishing features of a mortgage, and we think it was in fact so intended to be. In doubtful cases the inclination of the courts is to consider the transaction a mortgage rather than a conditional sale, because such construction will more frequently attain the ends of justice and prevent oppression. It is safer to say that a paper having the characteristics of a mortgage is in fact a mortgage than to say it is a conditional sale; and the courts will not look around for reasons in case of doubt to construe a paper to be a conditional sale, when it can with as much, if not more, propriety be said to be a mortgage. The question is in many cases, a very narrow one, and often the line between conditional sales and mortgages is not well defined. There is no doubt that parties competent to contract can agree upon terms that will amount to a conditional sale,

as is illustrated by the case of Prince v. Bearden, 1
A. K. Marsh. 169, and Conway v. Alexander, 7 Cranch
(U. S.) 218, 3 L. Ed. 321. But, where the instrument
is intended as security for the payment of a debt, and
the relation of debtor and creditor exists between the
parties, the legal inference is that a mortgage, and not
a conditional sale, was intended. The rule is very
well stated in Boone on Mortgages, section 39: "A
court of equity will often pronounce that to be an equi-
table mortgage which at law would be considered a
conditional sale, and in all doubtful cases a contract
will be construed to be a mortgage rather than a sale,
because such a construction would be most apt to at-
tain the ends of justice and prevent fraud and oppres-
sion. As a general rule, a deed absolute in form,
if intended to secure the payment of money, and the
relation of debtor and creditor exists between the
grantor and the grantee at the time of its execution,
will be treated as a mortgage. But, where no such
relation exists, and the grantor and grantee at the
time of the execution of the deed agree in writing that
the grantor shall have the option to repurchase in a
given time at a certain price, the transaction will be
deemed a conditional sale. Each case of this char-
acter must, however, be decided in view of the peculiar
circumstances which belong to it, since the only safe
criterion is the intention of the parties." And so in
Jones on Mortgages, section 258, it is said: "Whether
a conveyance is a mortgage or a conditional sale must
be determined by a consideration of the peculiar cir-
cumstances of each case. A glance at the numerous
adjudications in controversies of this knid will suffice
to show that each case must be decided in view of the
peculiar circumstances which belong to it and marks
its character, and the only safe criterion is the inten

tion of the parties to be ascertained by considering their situation and the surrounding facts, as well as the written memorials of the transaction." In Honore v. Hutchings, 8 Bush, 687, the court used this language: "The distinction between a conditional sale and a mortgage as drawn by Greenleaf is that "where the debt forming the consideration of the conveyance still subsists, or the money is advanced by way of a loan, with a personal liability on the part of the borrower to repay it, and by the terms of the agreement the land is to be reconveyed on payment of the money, it will be regarded as a mortgage; but, where the relation of debtor and creditor is extinguished, or never existed, there a similar agreement will be considered as merely a conditional sale.' " In Tygret v. Porter, 97 Ky. 54, 29 S. W. 976, 16 Ky. Law Rep. 809, in considering the question whether a writing evidenced a conditional sale or a mortgage, the court said: "It is often difficult to determine the intent of the parties with reference to conveyances of this character. It is a well-settled rule of equity that, when doubt arises as to whether the writing is a sale or mortgage, that doubt is resolved in favor of the debtor and the writing construed to be a mortgage." To the same effect is Edrington v. Harper, 3 J. J. Marsh, 353, 20 Am. Dec. 145; Sebree v. Thompson, 104 S. W. 781, 31 Ky. Law Rep. 1146.

It is also urged in support of the judgment below that Tucker was guilty of such laches as amounts to an estoppel or waiver upon his part of the right to insist that the paper shall be construed to be a mortgage. It is true that Tucker might at any time have tendered the money which the conveyance secured and demanded a reconveyance, but his failure to do this does not estop him. His laches was not any greater

than that of Witherbee, who might at any time have brought suit to enforce his lien and obtained a sale of the land to satisfy his debt.

Nor was it necessary that Tucker in bringing this suit or before should have tendered the amount due Witherbee. Witherbee has a lien as security for his debt, and may look to that if Tucker is insolvent. Nor is the point well taken that the action cannot be maintained, because Tucker, although suing in part to quiet his title, was not in possession of the land. The relief sought in part is a cancellation of the deed made by Witherbee to the railroad company, and upon this point we deem it sufficient to cite the cases of Herr v. Martin, 90 Ky. 377, 14 S. W. 356. 12 Ky. Law Rep. 359; Packard v. Beaver Valley L. & M. Co., 96 Ky. 249, 28 S. W. 779, 16 Ky. Law Rep. 451; Eversole v. Virginia Iron, Coal & Coke Co., 122 Ky. 649, 92 S. W. 593, 29 Ky. Law Rep. 151; Fox v. Cornett, 92 S. W. 959, 29 Ky. Law Rep. 246.

Wherefore the judgment is reversed, with directions to overrule the demurrer to the petition, and for further proceedings in conformity with this opinion.