## Williams et al. v. Thomas.

March 21, 1941.

W. G. Hargis for appellants.

Benton & Benton for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This appeal is from a judgment in favor of the appellee, Lydia W. Thomas, against the appellants, Emma

R. Williams and W. G. Hargis, quieting appellee's title to approximately three acres of land in Campbell County.

The land in controversy, on which there was no dwelling, was conveyed to Samuel Wadsworth, who was an uncle of appellee, in the year 1860. In addition to this land he was also the owner of another small tract on which he and his wife, Mary M. Wadsworth resided. The appellee was reared by Mr. and Mrs. Wadsworth and regarded them almost as father and mother. In the year 1901 Samuel Wadsworth and his wife conveyed the land in controversy to Findley B. Thomas, husband of appellee, but continued to own and reside on the other property owned by him. Wadsworth and his wife remained in possession of the land conveyed to Thomas until the death of Wadsworth in 1906, at least they continued to receive rent from it. After the death of Wadsworth his widow, Mary M. Wadsworth, continued in possession of, or, rather, continued to receive rent on the three acres until her death in the year 1932.

A deed from Findley B. Thomas and his wife, the appellee, to Mary M. Wadsworth appears in the record. This deed, undated but acknowledged May 8, 1908, was recorded May 18, 1908, and recited the consideration of $900.

Another deed appearing in the record is a deed from Mary M. Wadsworth to appellee, undated but acknowledged April 11, 1908 (27 days before the acknowledgment of the preceding deed), and recorded July 2, 1908. This deed also recited a consideration of $900.

Mary M. Wadsworth, who had continued to receive rent on the property, married one Jonah Williams and died in the year 1932 leaving a will by which she devised specifically to her husband the home in which she and her former husband, Samuel Wadsworth, had resided (no part of the property in controversy) and which she had acquired under the will of her former husband. No mention was made in the will of the property in controversy but her husband, Jonah Williams, was residuary devisee under her will so that, if she was the owner of the three acres he became the owner thereof under her will.

Jonah Williams died in the year 1938, having married the appellant, Emma R. Williams, in the year 1933.

By his will he specifically devised the three acres to Emma R. Williams, who conveyed a one-half interest therein to appellant, W. G. Hargis.

In the year 1923 Louis Hoffman became a tenant of the property and paid rent to Mary M. Wadsworth as long as she lived and after her death paid the rent to her surviving husband, Jonah Williams. After the death of Williams, being in doubt as to whom the rent should be paid, Hoffman made no payment and was sued by appellants in the quarterly court for the rent. In this action appellee intervened and sought to have her title quieted against appellants, whereupon the action was transferred to the circuit court and resulted in the judgment in favor of appellee.

Appellants claimed to be the owner both by record title and by adverse possession and further pleaded that appellee's cause of action was barred by the five, ten, fifteen and thirty year statutes of limitation. They further contended that appellee had no right to maintain an action to quiet her title because she was not in possession as required by Section 11, Kentucky Statutes. The same contentions are now made in this court as a ground for reversal of the judgment.

Of course, if the deed from Findley B. Thomas and his wife, the appellee, acknowledged May 8, 1908, vested fee simple title in Mary M. Wadsworth, which was not conveyed by her to appellee, then appellants are the owners of the record title. We proceed first to a determination of this question.

It is contended for appellants that as the deed from Findley B. Thomas to Mary M. Wadsworth was acknowledged twenty-seven days after the deed from Mary M. Wadsworth to appellee, Lydia Thomas, the fee simple title became vested in, and remained in, Mary M. Wadsworth. In support of this contention it is argued that the deed from Mary M. Wadsworth to appellee was merely in the nature of a quitclaim deed to bring up or perfect the title of Findley B. Thomas in order that he might convey good fee simple title to Mary M. Wadsworth made necessary by reason of the fact that Mary M. Wadsworth had been in adverse possession of the property. We think this position is wholly unsustainable, first, because the possession of Mrs. Wadsworth is not established as having been adverse to Findley B.

Thomas and, second, because even though such possession had been shown to be adverse no deed from Mrs. Wadsworth either to Findley B. Thomas or his wife was necessary in order to enable him to convey good fee simple title to Mrs. Wadsworth. While a deed executed by him to a third person with Mrs. Wadsworth in adverse possession would have been champertous a deed by him to her would not have been. A deed to one in the adverse possession of property is not champertous. Kentucky Statutes, Sections 210 and 214.

While the deed from Mrs. Wadsworth to appellee, Lydia W. Thomas, was acknowledged twenty-seven days prior to the deed from Findley Thomas to Mrs. Wadsworth, that fact is not conclusive and controlling. A deed speaks only from its date of delivery. It is true that there is a presumption that a deed was delivered at its date, 16 A. J. 657, Breckinridges v. Todd, 3 T. B. Mon. 52, 16 Am. Dec. 83, but this presumption is only prima facie and may be rebutted by the circumstances. It seems clear that the circumstances disclose that the deed from Mrs. Wadsworth to Mrs. Thomas was not delivered on its date. It was recorded on July 2, 1908, almost three months after its date. The date of recording does not control, of course, since a deed is effective as between the parties without recording, but it is a circumstance which may be considered. A consideration of the situation seems to make it perfectly apparent that the purpose of the two deeds was to divest Findley B. Thomas of the title and place it in his wife, the appellee, Lydia Thomas. This method of selecting an intermediary for this purpose is a commonly accepted practice. It seems obvious that the two deeds were prepared at the same time and that the deed from Findley Thomas and wife to Mrs. Wadsworth merely happened to be acknowledged later than the one from Mrs. Wadsworth to appellee, Lydia Thomas. Findley Thomas and wife had moved to Ohio and were living there at this time and the transaction was probably handled by mail, resulting in the anachronistic nature of the deeds. When the entire situation is considered in the light of reason and human experience, the circumstances rebut the presumption of delivery of the deed from Mrs. Wadsworth to Mrs. Thomas at its date and indicate its delivery after the date of the deed from Thomas and wife to Mrs. Wadsworth.

Even though the circumstances were not sufficient to show that the deed to Lydia Thomas was delivered after the Mary M. Wadsworth deed, the record title would still be in appellee for the reason that the title acquired by Mrs. Wadsworth under the Findley Thomas deed inured to the benefit of Mrs. Thomas to whom she had previously conveyed. It is well settled that a grantor who conveys land in which he has no title is estopped from setting up a subsequently acquired title, such title inuring to the grantee. Ratcliff's Guardian v. Ratcliff, 242 Ky. 419, 46 S. W. (2d) 504; Van Hoose v. Fitzpatrick, 248 Ky. 335, 58 S. W. (2d) 587; War Fork Land Company et al. v. Carr, 236 Ky. 453, 33 S. W. (2d) 308; Franklin Fluorspar Company v. Hosick et al., 239 Ky. 454, 39 S. W. (2d) 665. Nor does the fact that Lydia Thomas, the grantee of Mary M. Wadsworth, was the wife of Findley B. Thomas, who conveyed to Mary M. Wadsworth, and joined in the deed with him, prevent the operation of this rule. She was as much a stranger in title to Mrs. Wadsworth as if she had not been the wife of Findley B. Thomas and had not signed that deed. A married woman joining in the deed of her husband merely to release her dower is not bound by the covenant of warranty in such a deed. 26 A. J. 801; Shelton v. Deering, 10 B. Mon. 405. We think it is clear that record title was not in Mrs. Wadsworth when she died—consequently title did not pass to Jonah Williams under Mrs. Wadsworth's (Mrs. Williams') will and the devise by Jonah Williams to his wife, the appellant, Emma R. Williams, was ineffective unless he had acquired title by adverse possession.

We think the claim of title by adverse possession is clearly unfounded. It was never established that such possession as Mrs. Wadsworth had was adverse to appellee. She conveyed the property to appellee in 1908 and continued to receive rent thereon. There is no presumption that the possession of the tenant who was on this property was adverse to the title of appellee. The possession of one who conveys land to another and remains in possession is not presumed to be adverse but peaceable. He remains in possession as tenant of his grantee and nothing short of an express disclaimer of such relation and a notorious assertion of title in himself is sufficient to change the character of his possession and render it adverse to his grantee. Rains v. Louisville

& N. R. Co., 254 Ky. 794, 72 S. W. (2d) 482; Rudd v. Monarch, 32 S. W. 1083, 17 Ky. Law Rep. 893. The possession of Hoffman, the tenant, who paid rent to Mrs. Wadsworth, was not adverse to the true owner, Lydia Thomas. He was merely a sub-tenant of Mrs. Wadsworth who was a tenant at will or by sufferance of the appellee. His holding was in no sense adverse to appellee since he testified that he regarded appellee as the real owner of the property. The evidence was wholly insufficint to establish title in appellants either of record or by adverse possession.

There are two answers to appellants' contention that appellee did not have sufficient possession to support an action to quiet title. The first is that she did have possession by and through a tenant. The tenant, Hoffman, who was a sub-tenant of appellee's tenant at will, Mrs. Wadsworth, merely continued to pay rent to Williams after the death of Mrs. Wadsworth, apparently by appellee's permission. In any event the tenant could not attorn to a stranger. Terry v. Terry, 66 S. W. 1024, 23 Ky. Law Rep. 2242; Trabue v. Ramage, 80 Ky. 323. As a matter of fact the tenant did not attempt to do so. He testified that the Williams told him years ago when he paid rent to them that Mrs. Thomas was the owner. The second reason is that an action to quiet title may be maintained by one who is the owner of land but not in possession when an effort is made on the part of the defendant to seize and fraudulently appropriate the particular title under which the plaintiff claims. Herr v. Martin, 90 Ky. 377, 14 S. W. 356, 12 Ky. Law Rep. 359; Tucker v. Witherbee, 130 Ky. 269, 113 S. W. 123; Elam v. Alexander et. al., 174 Ky. 39, 191 S. W. 666; Frey v. Clark, 176 Ky. 661, 197 S. W. 414. Here the appellants attempted to seize and appropriate the very title under which appellee was claiming and under the rule announced in these cases she could maintain an action to quiet title even though not in possession.

We are of the opinion that there is no merit in appellants' contention that appellee's right of action was barred by limitation. A cloud upon title continues to operate during the period of its existence and therefore the right to maintain an action to quiet title is a continuing one to which limitation is not applicable. The owner of real estate is not required to bring an action to quiet his title until some one sets up or asserts title against

the property the title to which is sought to be quieted. Superior Oil Corporation v. Alcorn, 242 Ky. 814, 47 S. W. (2d) 973. Here the first notice appellee had of any claim against the property was when the present action was filed and she was informed as to appellants' claim.

The conclusions enunciated have been reached without considering the testimony of appellee, most of which was incompetent by reason of Subsection 2 of Section 606 of the Civil Code.

Judgment affirmed.