**LOUISVILLE GAS & ELECTRIC COMPANY, a Kentucky Corporation,
Appellant,**

**v.**

**John M. BROWN et al., Appellees.**

Court of Appeals of Kentucky.

June 11, 1965.

Donan & Vick, Greenville, for appellant.

T. O. Jones, Greenville, for appellees.

CULLEN, Commissioner.

In this action by Louisville Gas & Electric Company to quiet title to the coal under a certain tract of land the court entered judgment at the close of the plaintiff's evidence dismissing the claim. L. G. & E. has appealed.

The claim of L. G. & E. rested entirely on constructive adverse possession of the coal by virtue of alleged adverse possession of the surface by the person who sold the coal rights to L. G. & E., and by his successor in title.

We doubt that even under the ordinarily applicable rules of adverse possession the claim of L. G. & E. could prevail because:

1. Admittedly, prior to 1923, there was no actual adverse possession of the surface. The mere continuance in existence, after the conveyance of the legal title in 1883, of a fence that previously had enclosed the conveyed tract with other land of the grantor, could not be considered to be an act of adverse possession.

2. Such acts of actual adverse possession as were done after 1923 were spasmodic and intermittent, and not continuous. Furthermore, the person who performed those acts did not claim anything but the surface, and it is doubtful whether his possession could inure to the benefit of a person to whom his grantor (who had no valid title) previously had purported to sell the coal rights.

3. The adverse claimants could not claim title by constructive adverse possession, since the situation here was an overlap or interference situation in which actual entry upon and possession of the overlap or interference are required. Stepp v. Stepp, 216 Ky. 243, 287 S.W. 707.

Even if it should be considered that L. G. & E.'s claim might prevail under the ordinary rules of adverse possession, L. G. & E. is faced here with a special rule which unquestionably bars its claim. The alleged adverse claimants by whose acts L. G. & E. claims title was wrested from the record owners consisted of the grantor who originally deeded the title to the record owners, and the heirs of that grantor. Under the special rule applicable as between grantor and grantee the grantor and his heirs could not obtain title by adverse possession as against the grantee and his successors in title without giving notice by way of an express disclaimer and making a notorious assertion of title. See Williams v. Thomas, 285 Ky. 776, 149 S.W.2d 525; Hoagland v. Fish, Ky., 238 S.W.2d 133, 135. The acts of the claimants in this case did not make any semblance of meeting the requirements of the rule.

The judgment is affirmed.