RENDERED: SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0019-MR

RODNEY BRATCHER                                                    APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE AUDRA J. ECKERLE, JUDGE
            ACTION NO. 21-CI-004445

BRIAN MORRIS                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, EASTON, AND JONES, JUDGES.

JONES, JUDGE: Rodney Bratcher appeals from an order of the Jefferson Circuit

Court granting summary judgment to Brian Morris in this real property dispute.

For the reasons stated herein, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This dispute involves two parcels of real property that can be traced to

a common grantor. On January 6, 1975, Charles and Mary Bramer subdivided

their property in Jefferson County into two tracts. The Bramers retained Tract 1

and continued to reside there. Tract 2 was conveyed by deed to the Jefferson County Riverport Authority ("JCRA"). The record before us indicates the conveyance included a plat that reserved to the Bramers the right of ingress and egress across Tract 2 and provided Tract 2 was "dedicated to public use."[1]

In 2012, Bratcher purchased Tract 1 from Mary Bramer. In addition to using Tract 2 for ingress and egress to his property, Bratcher also used the parcel for various outdoor family events and generally maintained the grounds. In 2019, Morris purchased Tract 2 from JCRA. Shortly thereafter, Morris informed Bratcher that Tract 2 belonged to him, and Bratcher was no longer entitled to use the parcel. Bratcher eventually filed the underlying lawsuit, seeking to quiet title to Tract 2 through adverse possession, and numerous other causes of action that are ongoing and not relevant to this appeal. Morris filed a motion for partial summary judgment, arguing that Bratcher's alleged possession of Tract 2 could not be deemed hostile because Bratcher's predecessor-in-interest (the Bramers) conveyed Tract 2 to Morris's predecessor-in-interest (JCRA) and the Bramers' subsequent and ongoing use of the parcel is not hostile under Kentucky law. Bratcher argued the law cited by Morris was antiquated and urged the circuit court to follow a more

---

[1] Although the plat contained in the record before us is small and of diminished quality, the parties do not dispute the land conveyed from the Bramers to JCRA was "dedicated to public use" as is indicated above their signatures.

recent, but unpublished, case. Relying on the published caselaw, the circuit court granted summary judgment in favor of Morris. This appeal followed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure ("CR") 56.03. When a circuit court grants a motion for summary judgment, the standard of review for the appellate court is *de novo* because only legal issues are involved. *Hallahan v. The Courier Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004). We must consider the evidence of record in the light most favorable to the non-movant (*i.e.*, Bratcher) and determine whether the circuit court correctly found there was no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 780 (Ky. App. 1996).

## III. ANALYSIS

To acquire title of real property through adverse possession, certain elements must be satisfied. To wit: 1) possession must be hostile and under a claim of right, 2) it must be actual, 3) it must be exclusive, 4) it must be continuous, and 5) it must be open and notorious. *Appalachian Regional*

*Healthcare, Inc. v. Royal Crown Bottling Co., Inc.*, 824 S.W.2d 878, 880 (Ky. 1992). "These common law elements of adverse possession must all be maintained for the statutory period of fifteen years, and it is the claimant's burden to prove them by clear and convincing evidence." *Moore v. Stills*, 307 S.W.3d 71, 77-78 (Ky. 2010).[2]

However, there exists a special exception to acquisition of title by adverse possession in Kentucky's common law. This exception deals specifically with the grantor/grantee relationship. Dating back to at least 1836, our highest court has reiterated that, "[a] vendor of land, who, after the conveyance, remains in possession, holds under, not against his vendee – whose title is estopped to deny[.]" *Griffith v. Dicken*, 34 Ky. 561, 563 (1836). Further,

> the possession of one who conveys land to another and remains in possession is not presumed to be adverse but peaceable. He remains in possession as tenant of his grantee and nothing short of an express disclaimer of such relation and a notorious assertion of title in himself is sufficient to change the character of his possession and render it adverse to his grantee.

*Williams v. Thomas*, 285 Ky. 776, 149 S.W.2d 525, 527-28 (1941).

In the decades that followed, this Court and the Kentucky Supreme Court have followed the precedent set forth in *Williams* in both published and

---

[2] In order to meet the statutory fifteen-year requirement, Bratcher tacked on the length of time the Bramers resided on Tract 1 but continued to use Tract 2 after conveyance to JCRA. *See* Kentucky Revised Statute ("KRS") 413.010; *Cole v. Gilvin*, 59 S.W.3d 468 (Ky. App. 2001).

-4-

unpublished opinions (*see, e.g.*, *Watlington v. Kasey*, 293 Ky. 382, 168 S.W.2d 988, 990-91 (Ky. 1943); *Smith v. Burchell*, 297 Ky. 707, 181 S.W.2d 48, 48-49 (1944); *Harris' Ex'x v. Chesapeake & O. Ry. Co.*, 304 Ky. 840, 202 S.W.2d 154, 155-56 (1947); *Hoagland v. Fish*, 238 S.W.2d 133, 136 (Ky. 1951); *Louisville Gas & Elec. Co. v. Brown*, 391 S.W.2d 713, 714 (Ky. 1965); *Haag v. Wilson*, No. 2008-CA-001983-MR, 2010 WL 135139, at *4 (Ky. App. Jan. 15, 2010); *Acree v. Kentucky May Coal Co., Inc.*, No. 2011-CA-000007-MR, 2012 WL 3143926, at *2 (Ky. App. Aug. 3, 2012)).

However, Bratcher urges this Court to simply ignore long-standing precedent in favor of the holding set forth in *Nally v. Cissell*, No. 2010-CA-001570-MR, 2011 WL 3654490 (Ky. App. Aug. 19, 2011). Briefly, Cissell, subdivided and sold his land as various tracts in 1975. The remainder of the property was retained by Cissell until it was lost to foreclosure in 1984. Also in 1984, Donald Ploetner and his wife, Lillian, purchased as one parcel several of the smaller tracts that had been broken up in 1975. In 1985, Cissell was able to repurchase the remainder of the property that had been lost to foreclosure. Cissell's property abutted the Ploetners'. Nally purchased the property from the Ploetners in 1989. Cissell erected a fence that enclosed over an acre of Nally's property and made numerous improvements to the land. Nally even assisted in building the fence and did not contest its location until 2005, when he filed suit to

quiet title. Nally argued title by adverse possession was impossible because Cissell was a previous grantor in Nally's chain of title. The circuit court ruled Cissell had established title to the disputed land within the fenced area by adverse possession. This Court affirmed the circuit court, reasoning that "Cissell did make a 'notorious assertion of title' by virtue of erecting the fence and improving the disputed land." *Id.* at \*9.

In analyzing the applicability of *Nally* to the instant action, the circuit court noted that, in *Nally*, this Court did not address the need for an express disclaimer **as well as** making a notorious assertion of title. We agree.

Kentucky Rule of Appellate Procedure ("RAP") 41 provides

> **(A) Kentucky Opinions**. "Not To Be Published" opinions of the Supreme Court and the Court of Appeals are not binding precedent and citation of these opinions is disfavored. A party may cite to and rely on a "Not To Be Published" opinion for consideration if:
>
> > (1) it was rendered after January 1, 2003,
> >
> > (2) it is final under RAP 40(G),
> >
> > (3) there is no published opinion of the Supreme Court or the Court of Appeals that would adequately address the point of law argued by the party, and
> >
> > (4) the party clearly states that the opinion is not binding authority.

As outlined previously in this Opinion, there are numerous published opinions of the Kentucky Supreme Court and its predecessor that address the point of law at issue here. Even though the Bramers, then Bratcher, continued to use and make improvements to Tract 2 after the Bramers deeded the tract to JCRA in 1975, under *Williams,* ongoing use by the grantor is deemed peaceable, not hostile, in the absence of an express disclaimer **and** a notorious assertion of right. Bratcher never at any point identified an express disclaimer in the grantor/grantee relationship.[3,4]

Bratcher's assertion that *Williams* is antiquated law is unavailing. "Neither the Court of Appeals, nor the circuit court, has the authority to declare that decisions of the Supreme Court of Kentucky or its predecessor court have implicitly been overruled because of age." *Revenue Cabinet v. Kentucky-American*

---

[3] For an example of an express disclaimer, *see Rains v. Louisville & N.R. Co.*, 254 Ky. 794, 72 S.W.2d 482, 483 (Ky. 1934). Rains claimed title to a strip of land by adverse possession. The land was enclosed on Rains' property by a fence that had been erected by a railroad company, who later sought to reclaim it. Our then-highest Court reasoned

> what better notice of disclaimer and assertion of ownership in himself could there be that Sim Rains intended and was intended to hold and claim this property as his own than what was done when the railroad company itself so relocated the fence as to leave the 25-foot strip in dispute inclosed with Sim Rains' other property and moved his house and relocated it upon it.

*Id.* at 483.

[4] Morris also argues the Bramers could not have established title by adverse possession when Tract 2 belonged to JCRA because JCRA is a discreet component unit of Louisville/Jefferson County Metro Government and "adverse possession does not run against a city." *Louisville v. Louisville Scrap Material Co.*, 932 S.W.2d 352, 357 (Ky. 1996). However, we agree with Bratcher that this argument is unpreserved and, therefore, we are unable to consider it. *Norton Healthcare, Inc. v. Lual Deng*, 487 S.W.3d 846, 852 (Ky. 2016) (citations omitted).

*Water Co.*, 997 S.W.2d 2, 7 (Ky. 1999). Further, Kentucky Supreme Court Rule ("SCR") 1.030(8)(a) provides that "[t]he Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court." In other words, both long-established caselaw and the Kentucky Supreme Court Rules dictate that we are without authority to overrule or ignore *Williams*.

### IV. CONCLUSION

For the foregoing reasons, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael A. Valenti
Hayden A. Holbrook
Louisville, Kentucky

BRIEF FOR APPELLEE:

Robert W. DeWees, III
Greg J. Daly
Louisville, Kentucky