## Gilbert, et al. v. Carter, Trustee.

(Decided November 5, 1920.)

### Appeal from Harlan Circuit Court.

1. Tenancy in Common—Joint Owners.—Where a joint owner of property is in possession of the whole the presumption prevails that he is keeping possession not only for himself but also for his cotenants.

2. Tenancy in Common—Adverse Possession.—To hold adversely to a joint tenant the adverse possession claimed must be open, notorious and hostile to the other joint tenants and known by them to be so.

3. Champerty and Maintenance—Adverse Possession.—Sales and conveyances of land at the time in the adverse possession of another are champertous and void.

J. S. FORESTER for appellants.

H. C. CLAY and W. F. HALL for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming on original and cross appeals.

Alleging he was the owner of a four-ninths undivided interest in a tract of land containing about 200 acres, appellee by his petition in this suit asked the court to order a division of the land according to the respective interests of the parties.

From a survey ordered by the court it developed that a senior patent covered 38 acres of the land described. In a subsequent pleading appellee accordingly corrected the description of the property sought to be divided, reducing it to the extent that this senior patent lapped thereon. It was further alleged that since the institution of the action appellee had purchased from the owner of this senior claim all of its right, title and interest in and to said 38 acres, and he asked that the boundary be so corrected; that he be adjudged the owner of the 38 acres tract and for a division of the remainder as originally prayed for.

Appellants not only denied the allegations of the petition but pleaded affirmatively they were the owners of the land described in the petition, claiming ownership by adverse possession.

The lower court granted the prayer of the original petition and ordered a division of the land as prayed for, but dismissed so much of the amended pleading as sought a judgment decreeing appellee the owner of the 38 acre tract. From this judgment the present appeal has been taken, and appellee is seeking by cross-appeal to reverse so much of the judgment as denied him recovery of the 38 acre tract.

A review of the facts will be necessary to a proper understanding of the record.

James Turner, Sr. (also referred to in the record as Wm. Turner, Sr.), died intestate in 1862, the owner of a tract of land of 1,800 acres. He left surviving him a wife and nine children; his widow did not long survive him. Title to the 1,800 acre tract was acquired in 1846 under a patent from the Commonwealth. Levina M. Pen-

nington, a daughter of patentee, by deed executed in 1863, in which her husband joined, conveyed for a valuable consideration her one-ninth undivided interest in the tract aforesaid to her brother, Wm. Turner, Jr. In 1867 Susan Winn (widow) another daughter of patentee, conveyed her undivided interest to her brother, Wm. Turner, Jr., for a valuable consideration. Wm. Turner, Jr., in 1871 conveyed to the wife of his brother James, and her six children (naming them), his interest in said property, being the shares of his sisters Levina and Susan and his own, one-ninth each. John D. Turner, another son of James and Sarah Turner, was born after the execution of the last mentioned deed. After the death of her husband in 1910, Sarah Turner married S. W. Kelley. In 1888 Elizabeth and Calvin Turner, daughters of Sarah Turner, their respective consorts joining, conveyed their interest in the land to their mother. In 1913 and 1914 Sarah Turner Kelley, her husband and seven children, including John D. Turner, all of whom were of legal age, their respective wives and husbands joining, by several deeds conveyed to appellee their undivided interests in and to the land in controversy. It is under these conveyances appellee is claiming title to the land.

Appellants claim title by adverse possession and also under three deeds, to-wit, Louisa Nolen and husband to appellee, 1896; Moses Brewer and wife to Louisa Nolen, 1893; Moses Turner and wife and John N. Howard and wife to Moses Brewer, 1888. Other than a one-ninth interest inherited from his father, James Turner, Jr., the source of the title which it was sought to convey in the deed last above mentioned is not disclosed, it being appellants' contention that some time after 1871 (date of deed from William Turner, Jr., to his sister-in-law), the grantees in said deed transferred the property to Bill Gilbert, whose wife Elizabeth was also a daughter of patentee.

Sarah Turner Kelly, then 81 years of age, and some of the children, testify to having had some transaction with Bill Gilbert about the property, but no deeds are introduced, nor is it clear that any were ever executed, besides Sarah Turner Kelly, by reason of the infirmities of old age, was quite uncertain as to what had been done. It is frankly admitted in appellant's brief that it is not satisfactorily shown whether Sarah Turner and her children actually executed, acknowledged and delivered a

deed for their claim to the lands on this creek to Bill Gilbert.

It being next contended that after Bill Gilbert's death his wife, who had married a man by the name of Stetser, became involved in a controversy with Moses Turner, as to the ownership of this and the adjoining land, and in a suit that followed the parties entered into a compromise by which Elizabeth Gilbert Stetser was given the property to the east of Bailey's creek and Moses Turner was allotted that west of the creek, including the land described in the petition. This is the property that Moses Turner and wife undertook to convey to Moses Brewer in the deed executed in 1888. John N. Howard, who joined in that deed, attempted to convey an interest which he had obtained from Levina Pennington and her husband, at a date subsequent to the conveyance by the latter to William Pennington, Jr., in 1863. These broken links in appellants' chain of title are wholly insufficient to overcome the clear record title shown by appellee.

The parties to this suit are joint tenants, and, as said in 2 C. J. 267:

"It is well settled that where one joint owner is in possession of the whole the presumption is that he is keeping possession not only for himself but also for his cotenant according to their respective rights. But an ouster or disseizin, while not to be presumed from the mere fact of sole possession, may be shown by such possession accompanied with a notorious claim of an exclusive right."

While it is true in some instances the possession of one joint tenant may become adverse to the others, the adverse possession claimed must be open, notorious and hostile to the other joint tenants and known by them to be so. Vermillion v. Nickell, 114 S. W. 270; Kidd v. Bell, 122 S. W. 232; May v. C. & O. Ry. Co., 184 Ky. 493, 212 S. W. 131. In Rush v. Cornett, 169 Ky. 714, 185 S. W. 88, it is pointed out that in order for a joint tenant to hold adversely to his cotenant, his possession must not only be of the character required by law as against a stranger, but he must also show that the joint tenant against whom he is claiming knew of or was informed not only of the alleged adverse possession, but that it was accompanied with a claim of title against him.

The evidence of the possession claimed by appellants to be adverse to appellee and his predecessors in title is not sufficient to meet the required test. There was nothing to indicate their holding was adverse and certainly

there was no notice or knowledge on the part of appellee or those under whom he claims that appellants were claiming to so hold.

Appellants having failed to make out a case of adverse possession the lower court very properly granted the prayer of the petition and ordered a division of the property according to the respective interests of the parties.

As to the cross-appeal, it will be recalled that after the surveyor made his report appellee so modified the description of the property in suit as to exclude therefrom the 38 acres that lie southeast of the 86,000 acre survey. As to this tract appellee is asking that he be declared the absolute owner under his deed from Charles Henry Davis, trustee.

Appellants claimed to be in the adverse possession of this acreage for a period of more than 15 years prior to the execution of said deed. In Kentucky Statutes, section 210, it is provided that all sales or conveyances of land in which any other person at the time of such sale or conveyance has the adverse possession, shall be null and void. The lower court held that the deed from Davis, trustee, having been executed and delivered to appellee at a time when the appellants were in the adverse possession of said boundary, the deed was champertous and appellee was not entitled to recover that part of the land. With this conclusion we agree. Since appellants were claiming and holding this boundary as their own and hostile to the claims of appellees, there can be no doubt appellee's title as to the 38 acres was champertous, and as to this tract the action must fail. See LeMoyne v. Neal, 168 Ky. 292, 181 S. W. 1119.

Wherefore the judgment is affirmed on the original and cross appeals.