## Booten, et al. v. T. P. Robertson & Sons, et al.

(Decided May 22, 1923.)

### Appeal from Mason Circuit Court.

1. Tenancy in Common—Possession of Joint Owners Becomes Adverse Only by Declaration or Acts Inconsistent with Joint Possession.—The general rule is that possession of one joint owner inures to the benefit of all joint owners, the legal presumption

being that the entry was made according to the right of the party making it, and such possession becomes adverse to the other joint owners only by a denial of their right or by some act or declaration inconsistent therewith of which they were apprised.

2. Tenancy in Common—Cotenant in Possession has Burden of Showing Disseisin of Other Cotenants.—One cotenant in possession of the lands jointly owned with others in order to establish claim thereto by adverse possession has the burden of establishing an adverse holding for the statutory period by showing either express notice to the cotenants, or the exercise of possession which would apprise a reasonably prudent person he was denying the rights of his cotenants, or a holding by him under a title of record for the whole in severalty.

3. Tenancy in Common—Cotenants' Payment of Taxes and Improvements Held Not to Give Notice of Adverse Claim.—Where cotenants in possession of the tract jointly owned had no paper title subsequent to the title of their cotenants, the payment of taxes on the property by them without seeking contribution from their cotenants, and the making of repairs and improvements on the premises, which were situated back from the highway at a distance from where the cotenants resided and did business, held not sufficent to apprise the cotenants that the possession was adverse to their interests.

4. Tenancy in Common—Cotenants are Not Required to Act Until Apprised of Adverse Claim.—Cotenants of land out of possession have a right to rely on the possession of a cotenant as their possession until actual notice was brought home to them that he was claiming against them, and they were not required to take action until so apprised.

5. Partition—Facts Held to Support Chancellor's Finding Improvements Would Offset Rental Value.—In a suit for sale of land for division of the proceeds among joint owners, evidence held to sustain the chancellor's finding that the value of the improvements made upon the premises by tenants in possession would offset the rental value of the premises with which they might be charged.

WORTHINGTON, BROWNING & REED for appellants.

B. S. GRANNIS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Some time previous to 1891, appellants, J. V. Booten and J. D. Booten, became indebted to appellees, F. P. Robertson & Son, a partnership, for goods and merchandise sold by Robertson & Son to the Bootens. The account being unpaid Robertson & Son sued out a general

order of attachment against the property of the Bootens and it was levied upon the undivided interests of the two Bootens in a small tract of land in Mason county in which other members of the Booten family owned interests. The Bootens made no defense to the attachment suit and the lien was sustained and the property adjudged sold. The commissioner carried out the orders of the court and made the sale, at which the elder Robertson, father of appellees, became the purchaser of the two undivided interests of the Bootens. In due course the master commissioner made to Robertson a deed for one-third (1/3) of the said land. The Bootens were in possession of the land at the time and being cotenants continued to possess and use the same as a home. Once or twice one of the Bootens attempted to buy the interests of the Robertsons in the tract, but they did not agree upon a price. From the time of the making of the deed in 1891, until the bringing of this action in July, 1919, the Bootens were in possession of the property, using and cultivating the same without let or hindrance from any one. They built a new residence or repaired the old one, expending some $1,500.00 or $2,000.00 upon this improvement. They also built or repaired a barn upon which they say they spent $500.00. They planted fruit trees and made other improvements. They paid the taxes and did not account to Robertson for any part of the rent. In July, 1919, the Robertsons brought this action against the Bootens for a sale of the property and a division of the proceeds according to the interests of the several joint owners. The Bootens answered and claimed the entire property. One of their claims was based upon adverse possession, and this was the one they relied upon most confidently. They assert that they have been in open, notorious and exclusive adverse possession of the farm since 1891, and that the Robertsons had never asserted title to the place further than to record their deed, and that the acts of ownership exercised by the Bootens were sufficient to put any reasonable cotenant upon notice that those in possession were claiming the exclusive title to the property and to have set the statutes of limitation running against those out of possession.

It is conceded by both sides that the general rule with respect to joint owners is that the entry and possession of one joint owner inures to the benefit of all joint owners, the legal presumption being that the entry of the one was made according to the right of the party making it,

and for the purpose merely of taking possession of his undivided interest as to his co-owners. In such a case the possession is not adverse to the other joint owners, and will only become so by a denial of their right or some act or declaration inconsistent therewith, of which they are apprised. Gossom v. Donaldson, 18 B. Mon. 230; Rush v. Cornett, 169 Ky. 714; May v. C. & O. Ry. Co., 184 Ky. 493.

Appellants insist that a joint tenant may acquire title by adverse possession against his co-owners in three ways, which we will point out. The burden is upon the cotenant, claiming in severalty, to establish a disseisin by an adverse holding for the statutory period. In order to do so the claimant must show, (1) that he gave notice to his cotenants by express declaration that he was claiming the whole estate in severalty, and denying their right therein; or (2) he must have so exercised the possession and controlled and used the premises, as to have apprised a reasonably prudent person that the claimant in possession was denying the right of his cotenants to any share in the estate; or (3) he must hold the estate adversely and exclusively under title of record for the whole in severalty, and thus bring constructive notice to the outstanding cotenants.

Appellants say they have exercised possession and control over the premises in such a notorious way and manner as to have apprised reasonably prudent persons claiming an interest in the property that appellants were denying such right and claiming the entire property as their own, and that therefore they come within the second class enumerated in the case of May v. C. & O. Ry. Co., *supra.*

The Bootens had no paper title to the entire property of more recent date than the deed of appellees Robertsons. Neither had they given notice to the Robertsons of their adverse claim to the property. They relied for an exclusive title to the entire tract upon their sole occupation and open, notorious possession, use and improvement of the lands as notice to the Robertsons sufficient to set the statute of limitations running in favor of the Bootens more than fifteen years before the commencement of this action, resulting in the ripening of title in the Bootens before it was challenged by this action on behalf of the Robertsons. This case is easily distinguished from that of May v. C. & O. Ry. Co., *supra.* There the cotenant in possession took deed to the entire tract and

placed it of record. Thereafter he sold or leased a part of it to a corporation, which built a coal tipple and mining houses on the lands and mined coal for years. He also sold a right of way to a railroad company, which made a permanent improvement across the lands. These things all stood out as public declarations on the part of the cotenant in possession that he was claiming to the exclusion of other persons. This was sufficient to give notice to the outstanding cotenants of the claim of the occupying cotenant. We have no such facts in this case. While the occupying cotenants in the instant case built a new residence or repaired the old residence and constructed or repaired the old barn, these improvements were off the main highway, many miles from the home and place of business of the Robertsons, and so far as the evidence shows the Robertsons did not know of said improvements by the Bootens. The Robertsons had a right to rely upon the possession of their cotenants as their possession until actual notice was brought home to them, or until such public acts or declarations come to either attention as were reasonably calculated to bring notice to an ordinarily prudent person; that their cotenant was claiming against them. They were not required to take action until so apprised. Tiedman on Real Property, section 251; Johnson v. Myers, 168 Ky. 432; Kidd v. Bell, 122 S. W. 235; Vermillion v. Nickell, 114 S. W. 270; Burchett v. Clark, 162 Ky. 591.

Appellees insist on their cross-appeal that they should have recovered one-third (1/3) instead of one-sixth (1/6) of the land, but we are persuaded that the chancellor arrived at the proper conclusion in holding that appellants, J. V. and J. D. Booten, owned only one-sixth interest at the time of the levy of the attachment and entry of the judgment awarding a lien upon the said lands.

It is next insisted by appellees that they are entitled to recover rents for the use of their interest in the tract of land, and this insistence is not altogether groundless. On the other hand, appellants insist that they are entitled to recover for improvements built on the land. These improvements, appellees say, have decayed and are now of very little value; that the house and barn have been used by appellants without repairs for so many years that they have deteriorated and became worthless; that the trees planted have died of old age and are therefore of no value. We cannot consent to this argument. The improvements are worth something; so also was the

rent for appellees' part of the land of value. We think the facts in this case justify the conclusion of the chancellor that the claim for rent and the claim for improvements should each be offset against the other. After a full review of the entire case we find no substantial reason why the judgment should be disturbed. It is, therefore, affirmed.

Judgment affirmed.