## Clarke v. Dorsey et al.

(Decided January 29, 1932.)

HUBBARD & HUBBARD for appellant.

BENJAMIN F. GARDNER for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Lydia Clarke, a colored woman, had two children, John H. Dorsey and William Dorsey, at the time of her marriage with Isaac Clarke. Worden Clarke and Sam Clarke were born to her as the wife of Isaac Clarke. Isaac Clarke was a soldier in the United States Army. He died and she received a pension as his widow. With

the money she so received, in the year 1872, she bought four and one-half acres of land in Jefferson county, on which she lived with her children until she died in 1887. Sam Clarke died in infancy, a few months after his mother. Her son John Dorsey was living in the house with his mother at the time she died; he married and continued to live there for four or five years. He then moved away, and Worden Clerke, then of age, took possession of the property and rented it out for several years. Worden married in 1898, and about a year after this moved into the property with his wife and lived there until he died in June, 1928, leaving a will devising his property to his widow, Georgia Clarke, they having no children. Georgia Clarke continued in possession of the property, and on April 26, 1930, this action was brought by John H. Dorsey and the surviving children of his brother William Dorsey against Georgia Clarke, alleging that they, as the heirs at law of Lydia Clarke, owned an undivided interest in the property, and praying its sale for division. She answered, pleading that Lydia Clarke, before she died, placed Worden Clarke in possession of the property and that he had held the property as his own, in open and adverse possession, from that time until he died, and since then she had so held it, pleading limitation of fifteen and thirty years.

Proof was taken, and while the action was pending John H. Dorsey died and the action was revived in the name of his children. On final hearing the circuit court entered judgment in favor of the plaintiffs. Georgia Clarke appeals.

John H. Dorsey, before his death, gave his deposition in the action. The circuit court sustained exceptions to this deposition in so far as he stated transactions with the decedent, Worden Clarke.

Ella McHall, a daughter of William Dorsey, who is dead, gave her deposition in the action. The court in like manner sustained the exceptions to her deposition in so far as she stated transactions with the decedent, Worden Clarke.

Johnetta Thompson, a daughter of John H. Dorsey, gave her deposition in the actions while her father was living. The defendant on the trial objected to the reading of her deposition and the objections were overruled.

The proof for the defendants showed that up to the death of Lydia Clarke in 1887, the land was assessed in

her name, but after this it was assessed in the name of Worden Clarke and he paid the taxes. While all the tax receipts are not produced, a large number of them are, covering the entire period. The proof for the defendant also showed that Worden Clarke remained in undisputed possession of the property for nearly thirty years, none of the Dorseys making any claim to it, and the defendant insists that the action was barred by limitation. On the other hand, the plaintiffs insist that there was not sufficient evidence of notice to appellees that Worden Clarke claimed the property as his own for fifteen years to warrant a judgment in defendant's favor.

The testimony of John H. Dorsey, Ella McHall, and Johnetta Thomas showed that the possession of Worden Clarke was not adverse and that their rights were always recognized by him; but all of this was based on what he said to them, and they could not testify for themselves to anything he said or did, he being dead. The court therefore properly sustained the plaintiffs' objections to the testimony of John H. Dorsey and Ella McHall. For the same reason the objection to the testimony of Johnetta Thomas must be sustained; for though she was not testifying for herself when the deposition was taken, as her father John H. Dorsey was then living, she was one of the plaintiffs in the action when the case was tried, or "when the testimony is offered to be given," and she could not read for herself her own deposition. Hardin's Adm'r v. Taylor, 78 Ky. 593; Newman's Adm'r v. Blades, 54 S. W. 849, 21 Ky. Law Rep. 1353. But if we leave out all this testimony, we have the testimony of Dudley Griffin that in 1922 Worden Clarke and John H. Dorsey were hauling manure, and Worden Clarke said that he and John Dorsey owned a farm out on the Bardstown road and were hauling the manure for it. In this he plainly referred to the land in question, for he had no other. In addition to this, the three brothers were undoubtedly joint tenants of this land upon the death of their mother; Worden Clarke was the youngest and the two older brothers went off to work and lived some distance away. There is no evidence of an adverse holding by Worden Clarke or a denial by him of their rights. The parties were all negroes working for a living, and were on good terms with one another. The fact that there was no breach in the family tends to confirm the testimony of Griffin. No fact appears giving Worden Clarke

an exclusive right to the property, and the evidence does not show that he claimed any such right. All the facts shown, in view of the character of the property, are consistent with the conclusion that the older brothers permitted Worden to live on the land, as they had established their homes elsewhere and the old home was too small for them all. The possession of a joint tenant is not adverse to his cotenants, unless shown to be adverse by acts brought home to them or of which they should have taken notice in the exercise of ordinary care. Sullivan v. Sullivan, 179 Ky. 686, 201 S. W. 24; Potter v. Wallace, 185 Ky. 528, 215 S. W. 538; Gilbert v. Carter, 189 Ky. 476, 225 S. W. 143. This the proof does not establish. Land is often assessed in the name of one of the joint tenants, who is in possession.

> "While one joint tenant may acquire title to the whole estate or portion thereof, by prescription as against his cotenants, by disseizin or adverse possession, the disseizor or claimant by adverse possession must actually oust all cotenants or do some act sufficient to bring notice to his joint owners of his intention to hold and claim the entire estate against them and thus start the statute of limitations running in his favor, else he can never acquire title in such manner, since the seizin or possession of the joint property by one joint tenant is, in law, the seizin of the others. Merely living on a tract of land owned jointly does not start the statute of limitations running in favor of the occupant, for his possession is the possession of his joint tenants, and they have a right to rely upon his holding for their use and benefit; the presumption being that his entry and possession was according to his rights and no more. There is no presumption that a joint tenant in possession will wrongfully claim or is wrongfully claiming title against his co-owenrs, but the converse is true." Summer v. Vinson, 211 Ky. 574, 277 S. W. 849, 850.

In such cases this court gives some weight to the finding of the circuit court on the facts, and on all the proof here as to how the parties in fact lived and what they did, the court concludes that the finding of the chancellor on the facts should not be disturbed.

Judgment affirmed.