## Dishman et al. v. Marsh et al.

April 25, 1939.

**22**

J. P. HARRISON and E. BERTRAM for appellants.
DUNCAN & DUNCAN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This is a suit by six of the eight children of the late Mrs. Sally Dishman to quiet title in themselves and the unknown heirs of their sister, Mary Dishman, to seven-eighths undivided interest in a certain 100 acres of land in Wayne County. The plaintiffs appeal from an adverse judgment.

Mrs. Dishman was devised the land by her husband in 1908. She died in December, 1936. The property adjoins the home place where the family had lived for many years. After her death the appellee, Ozro Marsh, undertook to purchase the separate interests of the heirs upon the assumption that the title to the land had been in their mother. For that purpose he entered into negotiations with Daisy Hayes and her husband, Elzy, who were then living in Illinois. They could not agree upon the price. It appears that at this time the Hayes did not claim more than a one-eighth interest. Not long afterward, however, Elzy Hayes notified Marsh he had entire title to the land by a recorded deed. Thereupon Marsh bought it from him for $500 cash.

It was developed that in July, 1911, Mrs. Dishman had deeded the land to Elzy Hayes, her son-in-law, for the recited consideration of $100. The deed had been recorded within a few months. The true consideration was that Hayes and his wife would take care of Mrs. Dishman during the remaining years of her life. They had left her in 1916 and moved to Jacksonville, Illinois. She and other members of her family seem to have believed that the breach of contract by the grantee reinvested title in her as grantor. However, the land continued to be assessed for taxation in the name of Hayes until it was sold for $4.88 taxes several years later. The purchaser, however, never perfected his title. It was and is maintained that title had reinvested in Mrs.

Dishman by adverse possession. The evidence tending to show such prescriptive title is hardly sufficient; but, whether so or not in other particulars, the character of Mrs. Dishman's possession was the same as that she had exercised before she deeded the land to Hayes.

It is a long established rule that where the vendor of land remains in possession after his conveyance it is presumed he holds under and not against his vendee, and he is estopped from denying the latter's title unless there has been an explicit disclaimer and a notorious assertion of right in the grantor. Travis v. Bruce, 172 Ky. 390, 391, 189 S. W. 939; Wiser v. Shacklett, 208 Ky. 317, 270 S. W. 754; Rains v. L. & N. Railroad Company, 254 Ky. 794, 72 S. W. (2d) 482. The case of Bishop v. Van Winkle, 117 S. W. 345, is akin to this in that the principal consideration for a conveyance was the agreement of the grantee to support the grantor and his wife during their lives, and the contract and land were later abandoned by the grantee. But he had fled the country as a fugitive from justice and had not been heard from since. The grantor had moved off the property conveyed and then after the abandonment by the vendee had moved back on it and for forty years had held full, active possession, clearly and unmistakably adverse to him. It was held the grantee's rights had been extinguished.

In the case at bar the real consideration was not disclosed and there is no evidence that Marsh knew what it was. He had the right to rely upon the recitation in the deed that the consideration had been paid in full. And, as suggested, there was no change in the character of possession or the control exercised by the grantor during the twenty years following Hayes' removal from the community. We have, then, a recorded deed showing the payment of a valuable consideration, contradicted by extraneous evidence of a different consideration with the actual, partial failure thereof, but no rescission of the contract or restoration of the land; no change in the character of possession, and an innocent purchaser of the record title. There are only two ways of losing title to land: (1) By conveyance; (2) by open, notorious, continuous, adverse possession by another. Muse v. Payne, 144 Ky. 30, 137 S. W. 788. The record does not establish loss of Hayes' title in either manner before he conveyed it to Marsh.

The judgment is affirmed.