## Hannah et al. v. Littrell et al.

March 18, 1947.

Roscoe Littleton, Judge.

Lester Hogge for appellants.

Virgil H. Redwine for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action involves the title to a lot located in Sandy Hook. In June, 1945, the appellants filed an action to quiet title to the whole of the lot in themselves by virtue of their chain of title to an undivided one-half interest therein, and by a claim of adverse possession of all of the lot for more than 15 years. The appellees filed an answer, counterclaim, and cross-petition, setting up their record title to an undivided one-half interest in the lot, and denying the adverse possession of the appellants. They also prayed that their title be quieted to a one-half interest in the property.

Neither party controverted the titular interest asserted by the other, and the sole question raised was whether the possession and control of the tract by the appellants was of such character as to constitute a disseizin of the appellees as cotenants. The appellees have conceded that the possession was of such character as to ripen into title where the adverse holder of the land is a stranger to the title. The appellants have conceded that, by the weight of authority, they must overcome the presumption that a joint tenant in possession of land occupies eo nomine; i. e., for the use and benefit of his cotenants.

The only testimony material to the character of the possession of the tract had by appellants and their predecessor in title, J. B. Hannah, is that of the appellant, Elizabeth Hannah, saying: ''We have claimed it to a well marked and defined boundary and have used it for raising vegetables, rented it to various parties, fenced it, paid the taxes as they became due, leased it to one party who erected a building on it and our possession through all these years has been open and everybody in the vicinity knows of our ownership of this lot since it is located on Main Street in Sandy Hook, Kentucky, where it is in plain view of everybody passing along.''

A leading case in this jurisdiction on the character of possession necessary by a cotenant to constitute a

disseizin of his cotenants is May v. Chesapeake & Ohio Ry. Co., 184 Ky. 493, 212 S. W. 131, 138. In that case it was said:

"In order that one of several cotenants may acquire title by adverse possession as against the others, his possession must be of such an actual, open, notorious, exclusive, and hostile character as amounts to an ouster of the other tenants. Acts of ownership by one cotenant do not within themselves actually amount to the disseizin of the other cotenants; indeed, they may be so explained as to show a consistency with the joint title. Generally, a cotenant's sole possession of the land becomes adverse to his fellow tenants by his repudiation or disavowal of the relation of cotenancy between them; and any act or conduct signifying his intention to hold, occupy, and enjoy the premises exclusively, and of which the tenant out of possession has knowledge, or of which he has sufficient information to put him upon inquiry, amounts to an ouster of such tenant. * * *

"* * * A review of all the authorities makes it apparent that any use of lands which is not inconsistent with the cotenancy * * * is not sufficient to make the outstanding cotenants aware of the adverse claim, and will not amount to a disseizin, or start the statute of limitation to running; but the erection of permanent and lasting structures, the sale and conveyance by recorded deeds of the whole or portions of the estate in fee, are such acts as are reasonably calculated to apprise fairly prudent persons of the fact that the claimant is holding adversely to his cotenant."

The character of the possession of the claimant in the May Case was similar in many respects to the possession in the present case. The claimant in that case was in possession of the land, lived on it, cultivated it, and rented and let it in any way he desired. The outstanding cotenants did not live in the county in which the land was located, as was the case here, and did not know, or have reasonable opportunity to know, of the claim of the cotenant in possession. It was decided that the possession of the claimant reviewed in this paragraph did not amount to such an adverse holding as would constitute a disseizin of the outstanding cotenants. In the present case, however, it is uncontroverted that the outstanding cotenants did not know of the existence

of the tract, or of their titular interest therein until shortly before the commencement of this action.

The only serious question which could be urged under the testimony of Elizabeth Hannah lies in her statement that a building was erected on the land, in view of the statement in the May opinion that the erection of permanent structures is an act sufficient to apprise the outstanding cotenant that the claimant is holding adversely to him. However, there is no evidence presented to show the nature of the building erected on the lot here; whether it be a shack or an office building of some stature. The deposition of R. Campbell Van Sant, wherein he stated that J. B. Hannah had pointed out the tract as his own, does not disclose that there was a structure on the lot at that time, that being in March, 1929. We cannot, in the face of the presumption that the cotenant in possession holds for the use and benefit of his cotenants, assume that this building was of such a lasting and permanent nature as to apprise the outstanding cotenants of the adverse claim of the Hannahs, in the absence of evidence as to the nature of this building, to say nothing of the fact that the appellees were ignorant of their interest in the property until shortly before this action was filed.

The appellants contend that the deed given by J. B. Hannah to the Commonwealth, conveying a portion of this tract, is sufficient under the rule of the May Case to apprise the cotenants out of possession of the appellant's claim. But an examination of the record discloses that this deed was given on July 15, 1930, and not recorded until August 25 of that year. The present action having been filed within 15 years of the date of the deed, the statute of limitation has not completely run as to such notice. We need not consider, therefore, whether this deed as recorded would have been sufficient notice to the outstanding cotenant.

We are constrained, therefore, under the rules laid down in the case of May v. Chesapeake & Ohio Ry. Co., supra, and authorities cited therein, and for the reasons heretofore set out, to hold the possession of the appellants insufficient to apprise the appellees or their predecessor of the adverse claim of the Hannahs.

Wherefore, the judgment is affirmed.