**HOAGLAND et al. v. FISH et al.**

Court of Appeals of Kentucky.
March 23, 1951.

134

Wm. R. McCoy, Jr., Inez, for appellants.

Joseph D. Harkins, Prestonsburg, for appellees.

STANLEY, Commissioner.

It is charged in the petition of Evelyn M. Hoagland and her husband, Dale M. Hoagland, that the signatures of the grantors on a recorded deed purporting to convey an undivided half interest in the minerals of 534½ acres and the signature of the notary public who ostensibly took the acknowledgments are forgeries. The plaintiffs alleged they were the owners of the minerals through certain deeds and were entitled to gas royalties. The defendant, Winnifred M. Fish, denied the allegations and claimed title and the right to the royalties. The defendant, Warfield Natural Gas Co., having procured oil and gas leases from all parties, sought to have the rightful claimants determined by the court. Judgment went for the defendant, Winnifred M. Fish, and the plaintiffs appeal.

Mrs. Minnie E. Messick of Winston Salem, North Carolina, obtained title to all the minerals on and under the tract by a deed from John B. Williams of date June 20, 1916. She executed an oil and gas lease to the Warfield Co. on April 18, 1931.

Mrs. Messick conveyed the same mineral title to her daughter, Evelyn M. Hoagland, and her husband, Dale M. Hoagland, on September 3, 1931, and they extended the lease for an additional period.

When the development of the property began, the Warfield Co. discovered of record a deed to a one-half interest in the minerals in the tract from A. F. Messick and his wife, Minnie E. Messick, to John K. Fish of Wheaton, Illinois. It was dated December 26, 1917, and recorded by the Martin County Court Clerk on January 5, 1918. This instrument, as recorded, bears the signatures of the grantors and certificate of acknowledgment of W. E. Franklin, notary public. This is the deed that is attacked.

The defendant, Mrs. Fish, was directed by the court to file the original of her husband's deed but was unable to do so.

Mrs. Messick, whose husband had died in 1927, testified that she had not executed any deed to this or any other property to John K. Fish or acknowledged any such deed before W. E. Franklin, notary public, whom she had known all her life. She never heard of Fish until the defendant made claim to the gas royalties under his deed. She had paid taxes on the property, and the Warfield Co. had paid her and her daughter all the annual rentals throughout the years, and perhaps all the royalties after production, until February, 1942. Mrs. Hoagland's testimony is that in his later years her father had devoted his time to looking after her mother's and his own real estate. She had practiced law for five years and was thoroughly familar with the business affairs of her parents. She had never heard of Fish or of this deed until September, 1941, when she was advised of Mrs. Fish's claim. Franklin, whom she had known all her life, was in the real estate business in Winston Salem and was also a notary public. His reputation was bad. He was dead, but the date of his death is not stated.

The evidence for the defendant, Mrs. Fish, is that she had married Fish on March 4, 1921, and he died in Elgin, Illinois, March 4, 1922. He had devised all

his property without specification to his widow, subject to certain conditions with respect to income not material here. She had never seen the deed in question and had no knowledge of her husband's ownership of the minerals until advised by the representative of the Warfield Company when he sought a lease from her in November, 1941. The original deed from Mrs. Messick and her husband was never found. The recorded instrument recites the consideration to be "the performance of the agreements contained in a contract entered into on the 10th day of December, 1917, before the parties hereto noted, to-wit: A. F. Messick and John K. Fish."

In January, 1947, Mrs. Fish found among some old papers some original memoranda in her husband's handwriting which she filed in this case. The writing shows that he had title to a one-half interest in "Martin County Kentucky lands" and Arline F. Messick had title to the other half, and that it had been "secured by contract of December 10, 1917." It describes the tract as containing 536 acres. There are some notes respecting the minerals, character of property, and the leases thereof. The memorandum seems to refer also to other property than the tract involved here.

This is all the proof in the case. The appellants point to the fact that Fish had never shown any interest in this property, notwithstanding it was valuable mineral land; that he had failed to inform his family of his ownership; had never paid any taxes on the property; and did not mention it in his will. On the other hand, it is pointed out that Mrs. Messick had listed the property for taxation and had conveyed and leased it as owner, and she and her daughter had collected the mineral rents down to the time this suit was filed.

The certification of an officer that a deed was signed and acknowledged before him imports verity to the instrument. Catron v. Jones, 281 Ky. 163, 135 S.W.2d 419. KRS 61.060 declares in effect that such certificate shall not be called in question "except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party bene-fited thereby or mistake on the part of the officer." The allegation in this petition that the grantee, John K. Fish, "forged or caused to be forged, the name of W. E. Franklin, notary public to the certificate" may be regarded as a sufficient plea of "fraud in the party benefited thereby." Atkins' Guardian v. McCoy, 275 Ky. 117, 120 S.W. 2d 1019. But the evidence is not sufficient. It must have been clear and convincing. Kentucky West Virginia Gas Co. v. Maynard, 242 Ky. 490, 46 S.W.2d 788; Perry Bank and Trust Company's Liquidating Agent v. Colwell, 252 Ky. 389, 67 S.W.2d 465. A certificate of acknowledgement is entitled to more weight than memory of witnesses after the lapse of many years, in this instance thirty years. Dukes v. Davis 125 Ky. 313, 101 S.W. 390. That is all we have here other than a claim of title over the years and the absence of actual knowledge of the record of the Fish deed.

The plaintiffs stated that John K. Fish had died in 1922 and his will had been seasonably proven in North Carolina, but a copy was not presented or admitted to probate by the county court of Martin County, Kentucky, until January 20, 1942. They pleaded that such ancillary probate was void since more than ten years had elapsed. KRS 394.150, 413.160. Hence, it was claimed that the will under which the defendant, Mrs. Fish, claimed title could not be received in evidence. KRS 394.130.

The right to probate a will, whether it be of a resident or non-resident of the state, is barred by the ten year statute of limitations when it is interposed. It was so held in Foster v. Jordan, 130 Ky. 445, 113 S.W. 490, where the purchaser of land in Kentucky from an heir of a person domiciled in Tennessee resisted the ancillary probate of his will 48 years after the original probate in that state. The appeals to the circuit court and to this court were from the order of the county court refusing probate. The difference between that case and the present one is that here we have a collateral attack upon the judgment of probate by a stranger to the testator and his devisee. We have a similar in Morrison v. Fletcher, 119 Ky. 488, 84 S.W. 548. Though some of the lan-

guage of that opinion would seem to support the challenge of the plaintiffs in the instant case, the opinion was construed in Foster v. Jordan, supra, as it had explicitly said, as determining that the judgment of the county court admitting the will to ancillary probate could not be attacked in a collateral action upon the ground of limitations. Limitations is a shield of defense and must have been pleaded. If it was improperly denied, the judgment is subject to appeal as voidable. Certainly no statute of limitations of itself deprives the court of jurisdiction of the action so as to render a judgment void. See Ellison v. Smoot's Administrator, 286 Ky. 768, 151 S.W.2d 1017, relative to the finality of a judgment of a county court admitting a will to probate except where the court had no jurisdiction.

■ We come to the plaintiffs' claim of title through adverse possession. They did not rely upon acquisition of title through this method. They did allege that they were "the owners of the minerals, mineral rights and privileges in and to" the land and particularly relied upon a record title through Mrs. Messick, and she through Williams. Accepting arguendo that the general rule is applicable that a party may prove title by adverse possession under a general allegation of ownership, Bryant v. Bullock, 309 Ky. 590, 218 S.W.2d 381, even where a specific record title is exclusively relied upon, the question is resolved into whether one who is not able to prove a deed invalid because forged can still claim under adverse possession against the grantee of a half interest in the property. The major premise is that there was a valid deed to Fish executed and delivered on December 26, 1917, of a one-half interest in the mineral estate. The proof establishes without question that Mrs. Messick and the plaintiffs, as her immediate grantees, in good faith, exercised constructive dominion over the property as exclusive owners by paying all the taxes and leasing all of it, while the defendant and her predecessor apparently abandoned the property for a period of more than thirty years.

■ There are two reasons why the claim of the plaintiffs to title by adverse possession of all the mineral rights must fail. One is that they were joint tenants or tenants in common with Fish. New Domain Oil & Gas Co. v. McKinney, 188 Ky. 183, 221 S.W. 245. The possession of one co-tenant inures to the benefit of all and is not adverse unless there shall have been an actual ouster or something equivalent thereto, as by express notice or such overt acts of hostility that a reasonably prudent person would be apprised of the denial of his rights. Potter v. Wallace, 185 Ky. 528, 215 S.W. 538; Gilbert v. Carter, 189 Ky. 476, 225 S.W. 143; Warfield Natural Gas Co. v. Ward, 286 Ky. 73, 149 S.W.2d 705; Flanery v. Greene, 289 Ky. 244, 158 S.W.2d 413; Hannah v. Littrell, 304 Ky. 304, 200 S.W.2d 729.

■ The other reason is that where a vendor of land remains in possession after his conveyance, it is presumed he holds under and not against his vendee, and he is estopped from denying the latter's title unless there has been an explicit disclaimer and a notorious assertion of right in the grantor. Dishman v. Marsh, 278 Ky. 21, 128 S.W.2d 235. This case is nothing like the exceptional case of Bishop v. Van Winkle, Ky., 117 S.W. 345. The payment of taxes by the co-tenant, Mrs. Messick, on all the property was not sufficient to apprise the others that her possession was adverse to their interests. Booten v. T. P. Robertson & Sons, 199 Ky. 302, 250 S.W. 1000, 1001. If the execution of the oil and gas lease by the plaintiffs in 1931 should be regarded as breaking the continuity of the amicable possession either as grantor or as co-tenant, that occurred only ten years before the assertion of the rights by the defendant and is not within the minimum fifteen year statute of limitations. KRS 413.010.

We are of opinion, therefore, that the judgment should be and it is

Affirmed.