Stella BURRIS, a Widow, et al., Appellants,

v.

Mae CLARK, Appellee.

Court of Appeals of Kentucky.

May 29, 1958.

W. C. Dabney, Monticello, for appellants.

Bruce H. Phillips, R. B. Bertram, Monticello, for appellee.

BIRD, Judge.

One Balus Peercy died intestate leaving eight children as his heirs at law. At the time of his death he was owner in fee simple of a fifty-acre tract of land. On March 12, 1926, three of the eight heirs sold their undivided interest to John Clark, who moved on the land with his family, tilled the soil and occupied the buildings. On October 11, 1943, he conveyed the land to his wife, Mae Clark, in a property settlement without mention of his limited interest, except by reference to the source of his title.

On August 15, 1956, the owners of the unconveyed five-eighths interest filed this suit against Mae Clark asking for a sale of the land and a division of the proceeds between the joint owners.

Mae Clark in her answer claimed title to the whole of the land, first, by reason of her deed from John Clark, and second, by reason of adverse possession for a period of fifteen years. The trial court held Mae Clark to be sole owner of land. The plaintiffs appeal.

In 1943, when John Clark deeded to his wife, he had paper title to only a three-eighths undivided interest in the land and he acquired no further title by grant in any form. He could have acquired title to the whole of the land only by adverse possession. When he moved on the land he made improvements on both the land and the buildings and operated the farm in a manner consistent with his ownership, but we fail to find in the record where the occupancy of John Clark, from 1926 until October 11, 1943, was ever hostile or inconsistent with the cotenancy of the unconveyed five-eighths interest. He therefore could not have held adversely. Hannah v. Littrell, 304 Ky. 304, 200 S.W.2d 729. The deed, therefore, from John Clark to Mae Clark in 1943 conveyed only the three-eighths in-

terest that John Clark acquired by deed from the three heirs.

▇ Let us now consider Mae Clark's claim to title by adverse possession. We have already determined that John Clark's holding was not adverse to the cotenancy. We then need only to consider Mae Clark's holding after the time of her deed from John Clark, October 11, 1943. Calendar computation discloses that fifteen years has not elapsed from the time of her deed until the filing of this action on August 15, 1956, and her claim of title by adverse possession must therefore fail. It will not be necessary, therefore, to determine whether her occupancy was so hostile and inconsistent with cotenancy as to put the joint owners on notice of an ouster. It is our conclusion that the land is jointly owned by the plaintiffs and defendant and that the trial court erred in not ordering a sale of the property. We do not in this opinion propose to pass upon any other questions involved in the action. The judgment is reversed for proceedings not inconsistent with this opinion.