**Lewis RITCHIE et al., Appellants,**

**v.**

**Augustus Gibson PAINE, II, et al., Appellees.**

Court of Appeals of Kentucky.

May 17, 1968.

Rehearing Denied Oct. 4, 1968.

Joe Hobson, Prestonsburg, for appellants.

E. B. Rose, Beattyville, J. Douglas Graham, Campton, A. Dale Bryant, Jackson, Richard Prewitt, Frankfort, for appellees.

DAVIS, Commissioner

The appellees instituted this action asserting their ownership of two parcels of land situated in Breathitt County and alleging that the appellants had trespassed thereon and removed coal valued at $5,000. The appellants defended on the basis of their own ownership of the land, contending that they had acquired title to it by adverse possession. Appellants also contended that the title of the appellees is defective. The trial court entered judgment upholding the claim of the appellees and awarding $5,000 damages for coal removed. Appellants present six points for reversal which we shall consider without specifically enumerating them in advance.

The appellees proved a paper title to the land, but the appellants contend that a fatal defect in that chain of title defeats the appellees' claim. Title to the

land was held by Kentucky River Hardwood Company, a corporation which was indebted to Rudulph Ellis, a resident of Pennsylvania. When Ellis died, his executor filed suit in the Breathitt Circuit Court against the Kentucky River Hardwood Company setting up the indebtedness of that company to Ellis and seeking to enforce a lien against the real estate. Judgment was obtained, and the real estate was sold by the master commissioner; and a deed from the master commissioner was made to the executor of the estate of Rudulph Ellis. The executor subsequently conveyed the land to the appellees. Ellis' executor qualified in Pennsylvania, and it is the contention of the appellants that the executor failed to comply with KRS 395.-170 in the matter of giving bond, as a condition precedent to maintaining the foreclosure suit. The appellees have undertaken to supplement the record in this court by tendering a copy of a bond for costs which had been filed in the Breathitt Circuit Court in connection with that suit. Appellants object to the filing of the bond inasmuch as it was not considered by the chancellor. We find it unnecessary to pass on whether to receive the supplemented record, inasmuch as it seems plain that the claimed failure to comply with KRS 395.-170 would not be such a defect as would render void the judgment entered in the action of foreclosure. In Swift's Ex'x v. Donahue, 104 Ky. 137, 46 S.W. 683, 20 KLR 446, it was held that the bond required of a foreign executrix was merely a bond for costs. The same opinion points out that the failure to file a special demurrer raising the failure to post such a bond constituted a waiver of the statutory requirement. It is patent that the present appellants have no standing to attack collaterally the judgment of the Breathitt Circuit Court on the tenuous ground that the plaintiff in that suit was a foreign executor who failed to post a cost bond. That question could have been raised by the defendants in the original action, and could have been waived by them as well. Thus, it is clear that the omission of the bond (if indeed it was omitted) would not render void the judgment and consequent sale of the real estate. The master commissioner's deed was a valid link in the title chain.

■ Appellants contend that the appellees failed to prove the proper boundary of Tract No. 1, because the description refers to the property as "Beginning on the ridge between Six Mile and Five Mile Branches at a hickory at the ridge, * * *." Appellants contend that the overwhelming preponderance of evidence establishes that there is no ridge between Six and Five Mile Branches. In their brief, however, appellants say in part: "The only evidence to the contrary was given by an engineer by the name of Henry Ray Lindon." This admission alone refutes the contention of the appellants in this respect, as the chancellor's finding of fact cannot be said to be clearly erroneous. CR 52.01. Moreover, there is abundant other evidentiary material to sustain the court's finding of the boundary.

■ The third point advanced by the appellants appears quite moot. Their argument is that the evidence reflects that the only coal mined was extracted from Tract No. 1, and no contention was made about Tract No. 2. Appellants complain that the trial court adjudged that the appellees are the owners of Tract No. 2, but the appellants do not claim to be the owners of Tract No. 2. If it was error for the court to adjudge the title of Tract No. 2 to be in the appellees, it was not an error of which the appellants can complain. CR 61.01.

■ The prime contention of the appellants is that they established title by adverse possession. It is contended that the evidence shows conclusively that appellant, Lewis Ritchie, built a house on the land in 1934 and lived in it and occupied the entire tract continuously from 1934 until 1953, and had it all under fence. The record reflects that a life estate was reserved in favor of Lewis Ritchie's mother when she and her husband conveyed the land to the

Kentucky River Hardwood Company. Mrs. Ritchie, the life tenant, continued to live on the property until her death in June 1945. Her son, the appellant Lewis Ritchie, resided with her. The possession of Mrs. Ritchie was not adverse to the remainderman, as Mrs. Ritchie was one of the grantors and is presumed to have held under and not against the grantee in her own deed. Louisville Gas and Electric Co. v. Brown, Ky., 391 S.W.2d 713, and Dishman v. Marsh, 278 Ky. 21, 128 S.W.2d 235. There was substantial conflict in the evidence relating to the extent of occupancy by Lewis Ritchie after his mother's death, but he does not contend that he lived on the property after 1953. The chancellor had ample basis upon which to rest his finding that the appellants failed to prove title by adverse possession.

The appellants allege that the trial court erred in failing to adjudge title to the appellants in certain other lands not claimed by the appellees. This, too, is a moot question since the appellees have no judgment adverse to the claim of appellants in the land conveyed to them by Ervine Turner and Mima Watkins. No purpose would have been served by the court's adjudging that the appellees do not own land which they never claimed.

The final claim of error relates to the judgment for $5,000 for coal royalties. Appellant Lewis Ritchie made a written coal lease of the property, and the coal was mined pursuant to that lease. Subsequently, he "leased" the royalties from the coal lease to his son. He now argues that it was error to hold him responsible since his son received most of the royalties. We think there is no merit in this contention as appellants are liable for all of the results of the trespass which they initiated by executing the original coal lease. Blackberry, Kentucky & West Virginia Coal & Coke Co. v. Kentland Coal & Coke Co., 225 Ky. 346, 8 S.W.2d 425.

The judgment is affirmed.

All concur.