Courtney **HALSEY**, Appellant,

v.

English **GARRETT**, Appellee.

Court of Appeals of Kentucky.

Nov. 13, 1969.

H. M. Shumate, Shumate, Shumate & Flaherty, Irvine, John L. Cox, Stanton, for appellant.

D. L. Pendleton, Jr., Stanton, for appellee.

NEIKIRK, Judge.

Appellee, in 1955, purchased for $50 at auction a schoolhouse from the Powell County Board of Education. The building was on one acre of land. The land was not sold. Appellee took possession of the lot and building and made improvements to the building on the site. He spent $500 to $600 making the building suitable to his use as a dwelling. He lived on the property until 1965. He then moved and rented the property. The tenant vacated, and appellant took possession, padlocking the house.

Appellee, in 1950, had purchased a 65-acre tract of land either adjacent to or near the schoolhouse lot. He claimed the lot was inside his boundary and that he had acquired title to the lot by reversion under a reversion clause in the 1915 deed by which the Board of Education had acquired the lot. Appellant made a similar claim of title, based on his purchase in 1958 of a 65-acre tract of land adjacent to the schoolhouse lot.

The appellant placed a valuation of $2,000 on the house and lot.

The trial court adjudged title to the lot with improvements to be vested in appellee. We affirm.

The evidence is conflicting. The deeds are confusing. Location of lines, in reference to the lot, is open to question. The actions of the parties, or their failure to act, during the ten years of possession by the appellee presented a difficult determination. The facts as found by the trial court would warrant the adjudication made.

 Unless the chancellor's findings are clearly erroneous, we will not disturb. CR 52.01. Ritchie v. Paine, Ky., 431 S.W. 2d 498 (1968).

We have examined the record and considered the briefs. The findings are not clearly erroneous and on those findings the judgment is correct.

Judgment affirmed.

All concur.