836 F.2d 551
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
76.39 ACRES OF LAND, et al., Defendants,
Homer Hill, Defendant-Appellant.
 No. 87-5125.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1987.
 
 Before BOYCE F. MARTIN, Jr., MILBURN, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Homer Hill appeals the district court judgment that title to 76.39 acres of land in Whitley County, Kentucky was vested in the United States of America. Because we agree with the district court that title to the property was totally vested in the United States of America prior to its taking of the property, we affirm.
 
 
 2
 A.B. Hill owned a 56.39 acre parcel of land, and he and his wife, Irenia Hill, jointly owned an additional 20 acres. A.B. Hill died intestate on March 7, 1914. His heirs at law, Aaron Hill, D.F. Hill, RObert M. Hill, Flora Hill, and Florence Hill Carroll, each inherited a one-fifth undivided interest in the 56.39 acre parcel, and a one-tenth undivided interest in the 20 acre parcel. Robert M. Hill obtained the interests of D.F., Flora, and Irenia Hill. On December 9, 1930, a deed was executed between Aaron Hill and Robert M. Hill. This deed was recorded on December 11, 1930. Although the deed reads from Robert M. Hill to Aaron Hill, the testimonium clause was executed by Aaron Hill, and the certificate of acknowledgment shows "that the foregoing deed from Aaron Hill to Robert M. Hill" was acknowledged by Aaron Hill as grantor. The original deed has apparently been lost, and the copy is the only remaining evidence of the conveyance. After Irenia Hill's death on August 23, 1934, Robert M. Hill, his wife Maggie Smith Hill, and his daughter Easter Hill resided exclusively on the property until their respective deaths. During this time, Robert M. Hill farmed the property, constructed permanent improvements, payed taxes, leased oil and gas rights, and defended his ownership through several lawsuits. Easter Hill died testate on November 19, 1973, devising the 76.39 acre parcel to the United States of America. On July 5, 1983, the United States filed a complaint in condemnation against the 76.39 acres of land. Homer Hill, grandson of D.F. Hill, filed an answer asserting an interest to part of the property. In 1983, Homer Hill obtained deeds from the heirs of Aaron Hill and Florence Hill Carroll purporting to convey a three-fifths interest in the 56.39 acre parcel and a three-tenths interest in the remaining 20 acres. Homer Hill claims to have purchased the interests of Florence Hill Carroll and Aaron Hill. Homer Hill also claims that the December 9, 1930 deed was a conveyance from Robert M. Hill to Aaron Hill.
 
 
 3
 Following an ownership hearing and the submission of depositions, the U.S. Magistrate entered his findings of fact, conclusions of law and recommendation. The magistrate held (1) that the December 9, 1930 deed conveyed the interests of Aaron Hill to Robert M. Hill rather than vice versa, and (2) that Robert M. Hill and his successors in title acquired the interests of Florence Hill Carroll by adverse possession. The district subsequently entered judgment in favor of the United States of America.
 
 
 4
 On appeal, Homer Hill challenges each of the magistrate's holdings. Homer Hill argues that the magistrate unfairly discounted evidence that the December 9, 1930 deed conveyed Robert M. Hill's interest to Aaron Hill. Homer Hill also argues that the United States failed to establish the necessary elements of adverse possession. Specifically, Homer Hill asserts that it was not shown that Robert M. Hill's possession of the land was hostile or that the Kentucky fifteen-year statute of limitation for adverse possession had been met.
 
 
 5
 The district court found that the December 9, 1930 deed conveyed land from Aaron Hill to Robert M. Hill but that the scrivener erroneously transposed the names of the parties. This finding, supported by the four corners of the deed and by the parties' subsequent actions, is not clearly erroneous.
 
 
 6
 Moreover, we agree with the district court that Robert M. Hill acquired title to the interests of Florence Hill Carroll and her heirs by adverse possession. Under Kentucky law, a cotenant may acquire title by adverse possession against the other by occupying the land in such an actual, open, notorious, exclusive, and hostile manner as to reasonably appraise fairly prudent persons of the fact that the claimant is holding adversely to his cotenant. Hannah v. Littrell, 304 Ky. 304, 200 S.W.2d 729 (1947); May v. Chesapeake & Ohio Ry. Co., 184 Ky. 493, 212 S.W. 131, 138 (1919). We agree with the district court that Robert M. Hill's exclusive, continuous occupation of the property since 1934, during which time he constructed improvements and defended his ownership in court, constituted constructive notice sufficient to appraise Florence Hill Carroll and her heirs of Robert M. Hill's intent to hold dominion over the property.
 
 
 7
 The judgment of the district court is affirmed.